## Commonwealth *v.* Santos, Appellant.

Argued November 9, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John J. Duffy,* for appellant.

*R. Samuel McMichael,* Assistant District Attorney, with him *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, March 16, 1973:

The sole question for decision in this appeal is whether the trial court erred in denying appellant's motion to withdraw his plea of guilty.

The facts relevant to the motion to withdraw may be summarized as follows: In May, 1970, appellant, Efrain Santos, was charged with murder. In October of the same year, after meeting with the district attorney and his own counsel, the appellant entered a plea of guilty to voluntary manslaughter which was accepted by the trial court after a determination that Santos possessed both a familiarity with the English language[1] and an awareness of the consequences of his plea. Sentencing was deferred pending a presentence investigation.

Prior to the subsequent hearing a petition for leave to withdraw the plea was filed pursuant to Pa. R. Crim. P. 320,[2] in which appellant alleged that although the term "voluntary" was used by the court to describe the charge, he thought he was pleading guilty to the crime

[1] Appellant is a native of Puerto Rico and his native language is Spanish.

[2] Rule 320 provides: "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted."

of involuntary manslaughter. Appellant attributes his mistaken impression to either a breakdown in verbal communications due to his limited command of the English language or a misunderstanding of the legal terminology employed by counsel and the court. He asserts that he realized the mistake when he read a newspaper account of the entry of his plea of guilty to the crime of voluntary manslaughter. At the hearing on his motion to withdraw the plea, the appellant consistently maintained that he thought he had pled guilty to involuntary manslaughter. Nevertheless, the trial court denied his motion and sentenced him to a term of six to twelve years imprisonment. This appeal followed.

We agree with the Commonwealth's general proposition that the grant or refusal of an application for leave to withdraw a guilty plea is within the sound discretion of the trial court. *See Commonwealth v. Culbreath*, 439 Pa. 21, 264 A. 2d 643 (1970); *Commonwealth v. Scoleri*, 415 Pa. 218, 202 A. 2d 521 (1964). However, since guilty pleas involve the simultaneous waiver of so many constitutional rights,[3] we have recently emphasized "that a request [to withdraw] made before sentencing . . . should be liberally allowed." *Commonwealth v. Forbes*, 450 Pa. 185, 190, 299 A. 2d 268, 271 (1973).

The trial courts in exercising their discretion must recognize that " '[b]efore judgment, the courts should

---

[3] As Mr. Justice DOUGLAS has recently reminded us: "[A] guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, Duncan v. Louisiana, 391 U.S. 145, to confront one's accusers, Pointer v. Texas, 380 U.S. 400, to present witnesses in one's defense, Washington v. Texas, 388 U.S. 14, to remain silent, Malloy v. Hogan, 378 U.S. 1, and to be convicted of proof beyond all reasonable doubt, In re Winship, 397 U.S. 358." *Santobello v. New York*, 404 U.S. 257, 264 (1971) (concurring opinion).

show solicitude for a defendant who wishes to undo a waiver of all the constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our Constitution.' " *Commonwealth v. Neely,* 449 Pa. 3, 6, 295 A. 2d 75, 76 (1972) (concurring opinion, quoting *Dukes v. Warden, Connecticut State Prison,* 406 U.S. 250, 258 (1972) (concurring opinion)).

Federal courts have clearly adopted this approach of construing a request to withdraw a guilty plea liberally in favor of the accused and have established that the test to be applied where the motion to withdraw is made before the imposition of sentence is fairness and justice. *United States v. Stayton,* 408 F. 2d 559, 561 (3d Cir. 1969). *See also, United States ex rel. Culbreath v. Rundle,* 466 F. 2d 730 (3d Cir. 1972) ; *Dorton v. United States,* 447 F. 2d 401 (10th Cir. 1971) ; *Woodward v. United States,* 426 F. 2d 959 (3d Cir. 1970) ; *United States v. Young,* 424 F. 2d 1276 (3d Cir. 1970) ; *Kadwell v. United States,* 315 F. 2d 667 (9th Cir. 1963) ; F. R. Crim. P. 32(d) ; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1(b) ( Approved Draft, 1968).[4]

In applying the standard of fairness and justice to the facts of the instant case, we must conclude that the trial court on this record should have permitted the appellant to withdraw his guilty plea. Here, notwithstanding the trial court's prior explanation of voluntary manslaughter and the consequences of a guilty

---

[4] Section 2.1(b) states: "(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

plea, the appellant subsequently testified that he was mistaken as to the charge to which he had entered a plea. A trial court, under these circumstances, abuses its discretion by not allowing a guilty plea to be freely withdrawn prior to sentencing when the Commonwealth would not be substantially prejudiced by the plea withdrawal.[5] Clearly, we must vigilantly protect an individual's right to a trial. As we noted in *Commonwealth v. Forbes*, 450 Pa. 185, 191, 299 A. 2d 286, 271 (1973), quoting *United States v. Young*, 424 F. 2d 1276, 1279 (3d Cir. 1970) : " 'The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of appeals contesting the "knowing and voluntariness" of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right to trial by jury unless he clearly waives it.' "

It should be noted that there is a heavier burden upon a defendant who wishes to withdraw his plea *after the imposition of sentence*. See, *Woodward v. United States*, 426 F. 2d 959 (3d Cir. 1970) ; *United States v. Stayton*, 408 F. 2d 559 (3d Cir. 1969) ; *Kadwell v. United States*, 315 F. 2d 667 (9th Cir. 1963).[6] *See also Com. v. Starr*, 450 Pa. 485, 301 A. 2d 592 (1973).

---

[5] The Commonwealth has not claimed that withdrawal of the plea would cause it to suffer any harm. Moreover, the record would not support such an inference.

[6] In *Kadwell*, the reason for the different standards in treating motions for withdrawal before and after sentence was set forth: "This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpected-

The judgment of sentence is reversed and the case is remanded with instructions to allow appellant to withdraw the plea of guilty.

ly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process." 315 F. 2d at 670 (footnotes omitted).