Commonwealth *v.* Kamenca, Appellant.

Submitted November 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent)

*Russell J. Heiple,* and *Myron I. Markovitz,* for appellant.

*Caram J. Abood,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 3, 1974:

This case presents the issue of whether the lower court committed an abuse of discretion in refusing appellant's presentence request to withdraw certain guilty pleas. We hold that it did not and affirm.

Appellant was indicted for three 1971 armed robberies committed at banks in Johnstown, Pennsylvania, and for three attendant larcenies. Prior to acceptance of guilty pleas as to the six crimes, the lower court conducted an extensive hearing on December 8, 1971. At the hearing, it was developed that appellant was a 29-year-old Czechoslovakian citizen, that his European educational background was that of an electronics engineer, and that no plea bargain was involved in the case. Appellant stated that his pleas were made because of his guilt, that he had no defense, that he understood the charges against him, and that his decision to plead guilty was of his own free will. He acknowledged his understanding of the forfeiture of certain described rights by reason of a plea of guilty, and asserted his comprehension of the maximum penalties involved. An interpreter was present for the purpose of obviating any language difficulties, and appellant was represented by counsel.

The lower court accepted the pleas. A police officer then stated that the appellant had been apprehended following a chase from the most recent robbery and had made a "full and relatively honest statement about what went on." Imposition of sentence was deferred pending a presentence investigation and report.

Sentencing was scheduled on April 24, 1972. At that time the court was informed that appellant intended to move to withdraw his pleas. On May 2, 1972, an oral motion to that effect was made on behalf of appellant and a hearing was held.

At the hearing, appellant's attorney stated that the basis of the withdrawal request was that appellant had

not been informed of all the rights available to him, and had not made intelligent and voluntary pleas. Appellant testified that he had entered the United States on January 6, 1969, at which time he did not have a command of the English language. He stated that he had pleaded guilty to federal charges related to his state offenses with the understanding that a deportation and suspension might be the result; that the attorney representing him when his guilty pleas were entered in the present case[1] had threatened to stay out of the courtroom if he did not plead guilty; that he had been beaten after his arrest; and that without notification to him FBI agents had searched his apartment and seized certain evidence. He said that he had been in a state of fear at the time his pleas were entered, that the Czechoslovakian criminal system had intimidated him, that he did not understand some of the court's questions in the prior hearing, and that the interpreter therein had been so incompetent as to preclude his using her services. Although he denied his guilt "from point of humanity," he conceded a "certain type" of guilt, maintaining that he was a "victim of circumstances." At one point he expressed a desire to inform the people in the courtroom of the "desperate situation" which "forced [him] to do it." At another point, he stated, "Yes, I am guilty," but alluded to certain circumstances, including blackmail, of which he said he was a victim.

The attorney who represented appellant at the time of entry of the guilty pleas testified that he had told the appellant that he would not argue two particular defenses, which he did not name, to the jury, unless ordered to do so by the judge. He said that he regarded the defenses as improper. He stated that no other defenses were available, that he did not refuse to take

---

[1] Appellant was represented by a new attorney at the hearing dealing with withdrawal of the pleas.

the defendant to trial, and that he had expressed a willingness to go to trial. He further stated that he was not told of the supposed police beating and FBI search, and that the evidence he had seen from the FBI did not come from the appellant's apartment.

It was noted by the court and attorneys present that appellant was apparently scheduled to be sentenced for related federal crimes the following day. At the conclusion of presentations regarding withdrawal of the pleas, the lower court entered an order refusing appellant's request for withdrawal.

The refusal of the request was related, according to the opinion of the court below, to a belief that appellant's decision to plead guilty was both understanding and voluntary, and that the request to withdraw the pleas was an attempt to manipulate the processes of justice by obtaining the advantage of a Pennsylvania Supreme Court decision on state punishment subsequent to that federally imposed for the same offense. See *Commonwealth v. Mills*, 447 Pa. 163, 286 A.2d 638 (1971) (second prosecution and imposition of punishment by Pennsylvania for same offense as to which federal prosecution and punishment occurred held precluded unless interests of two jurisdictions differed substantially, so that initial prosecution failed to protect Pennsylvania interests).

Having been denied permission to withdraw his pleas, the appellant was afforded an opportunity to address the court prior to imposition of sentence. In the course of his address, he recited a number of personal misfortunes involving his finances, health, and Czechoslovakian family which, he said, had finally driven him to go to a bank with a toy gun. Following his address, sentence was imposed.[2]

---

[2] For one of the robberies, appellant was required to pay costs of prosecution and to undergo imprisonment for a period of not less

In resolving the issue in the case at bar, we must initially recognize that the disposition of a request to withdraw a guilty plea prior to sentencing is within the sound discretion of the court. Pa. R. Crim. P. 320. Decisions of the Pennsylvania Supreme Court emphasize, however, that such a request should be liberally allowed. *See, e.g., Commonwealth v. Woods,* 452 Pa. 546, 307 A.2d 880 (1973); *Commonwealth v. Santos,* 450 Pa. 492, 301 A.2d 829 (1973); *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973). Specifically, if the trial court finds any fair and just reason for withdrawal before sentence, and if no substantial prejudice has been incurred by the prosecution, withdrawal of the guilty plea should be freely permitted. *Commonwealth v. Forbes,* supra; *see Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973).

In the present case, we believe that the argument in favor of withdrawal is deficient with respect to a fair and just reason. The appellant was not able to disavow his commission of the acts as to which he stood charged.[3] The tendency of his statements with regard to innocence was to suggest mitigating circumstances surrounding his conduct. Such circumstances were perhaps pertinent to punishment, and could, of course,

---

than 7½ nor more than 15 years; for the associated larceny, costs of prosecution, restitution, and concurrent imprisonment for a period of not less than 1 nor more than 5 years were imposed.

For another of the robberies and its associated larceny, the same penalties were imposed, as they were for the remaining robbery and larceny, with the exception of the requirement of restitution as to the larceny. Prison terms were to be concurrent with that for the first robbery.

[3] A disavowal of the commission of the charged act has been held a fair and just reason for presentence withdrawal in *Commonwealth v. Woods,* 452 Pa. 546, 551, 307 A.2d 880 (1973) ("I didn't have nothing to do with the burglary. . . . I had nothing to do with [the homicide]."), and *Commonwealth v. Forbes,* 450 Pa. 185, 192, 299 A.2d 268 (1973) ("I don't want to plead guilty to nothing I didn't do.").

have formed the basis of an original decision to proceed to trial—the initial right to trial being absolute. But as Judge, now Chief Justice, BURGER stated in rejecting the view that a defendant's assertion on allocution that his crime had been induced by hardship necessitated vacation of a denial of withdrawal of his guilty plea, "[such] reasons only explain [one's] motives for doing a voluntary act. As such, they are irrelevant to our system of criminal justice." *Everett v. United States*, 336 F.2d 979, 984 n.18 (D.C. Cir. 1964). To permit withdrawal of a plea based upon such an irrelevancy, known at the time of the plea, would, under the circumstances of the present case, be virtually to permit the same right to trial subsequent to the plea as had existed before it. There is, however, no absolute right to withdrawal of a guilty plea. *See Commonwealth v. Sanutti,* supra.[4]

The assertion of appellant that evidence had been illegally seized in his apartment was entirely unsubstantiated, and in fact was rejected by his former attorney. The contention that his foreign background prevented a comprehension of some of the questions directed to him prior to acceptance of his plea was so lacking in specificity as to be of little use in evaluating the intelligence of his plea.

Furthermore, the lower court was entitled to disbelieve appellant's claim that his attorney had refused to proceed to trial, in view of the attorney's unequivocal denial of the charge under oath. The fact that the attorney was unwilling to argue defenses which he regarded as improper, without an instruction in that regard from the trial judge, did not compel a conclusion that the pleas ultimately decided upon were involun-

---

[4] As was the case below, appellant does not, on appeal, present any defense affirmatively denying his actual commission of the acts charged.

tary. Indeed, the failure of appellant to indicate to the lower court the nature of the defenses in question suggests that their untenability, rather than the attorney's insistence, prompted their rejection. In its other aspects, the alleged involuntary nature of the pleas was vague and unclearly developed.

Of perhaps equal importance to the foregoing is the fact that appellant failed to request withdrawal of the pleas during the several months prior to the scheduling of sentencing. That failure, in conjunction with the holding of *Commonwealth v. Mills,* supra, and the pending nature of appellant's federal sentencing, is strongly suggestive of the conclusion reached by the lower court that the real reason for withdrawal was not a defect in the pleas but the sentencing delay which withdrawal would occasion, and the resulting possible application of *Mills* in appellant's favor. The refusal of the court below to permit itself to be used for such a purpose was fully justified.

Although we adhere to the principle that a presentence request to withdraw a guilty plea is to be liberally allowed, we believe that the peculiar facts of the present case make it one in which a denial of the request was a proper exercise of discretion. The judgment of sentence of the court below must therefore be affirmed.

Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that his pre-sentencing request to withdraw his guilty plea to armed robbery was erroneously denied.

At the time his guilty plea was tendered, the appellant was a 29-year old Czechoslovakian citizen, who had entered the United States in 1969 with his family. While he had been educated in his home country for

the profession of an electronics engineer, the appellant was not gainfully employed due in part to his unsatisfactory command of the English language. At the time of his arrest, the appellant allegedly confessed to two prior robberies and had in his possession in excess of $7,000 taken from a third bank robbery. Appellant was indicted on the three robberies and attendant larcenies. Two days after his arrest in Dauphin County for the state offenses, federal detainers were lodged and indictments were subsequently returned in the United States District Court, Western District of Pennsylvania, charging the appellant with the same offenses under the federal criminal statutes. In October of 1971, the appellant pleaded guilty to the federal offenses, and was scheduled for deportation hearings to be held within the next few months.

On December 8, 1971, in the presence of counsel and with the assistance of an interpreter,[1] the appellant pleaded guilty to the state offenses after an extensive colloquy. When the appellant returned to the Dauphin County Court for sentencing on April 24, 1972, he requested leave to withdraw his guilty pleas and proceed to trial. On May 2, 1972, oral motions were heard, and subsequently denied. At this hearing, the district attorney informed the Court that the appellant was scheduled for sentencing on federal charges on the next

---

[1] The interpreter provided by the Court was not professionally employed as such, and while she had familiarity with the Slovak language, appellant submits that her proficiency and clarity of explanation was deficient precluding a thorough understanding of the trial court's colloquy. It further appears on the state of the record that appellant, who was suffering under a language problem, did not have the benefit of counsel due to alleged waivers thereof, at either his arraignment or his preliminary hearing. In order to smoothly conduct the colloquy which resulted in appellant's relinquishment of his constitutional right to a trial by jury, an "interpreter" was provided at this stage for the first time.

day. Appellant was thereafter sentenced to undergo imprisonment for a period of not less than 7½ nor more than 15 years.

At the hearing to consider appellant's request, the appellant offered the following as cause for withdrawal of his guilty plea: Appellant stated that his attorney at time of trial had threatened him that if he pressed for trial, he would withdraw his appearance and support; furthermore, he said that he had been in a state of fear as this was his first arrest in the United States and that a prior confrontation with the communist form of justice for "political crimes" had left him in confusion, so that he believed that cooperation with his attorney and with the court system was essential to his well-being; he asserted that he did not understand the implication or the meaning of the colloquy, both because of his fear and because the interpreter was inadequate; and, finally, he stated that he had pleaded guilty to the federal offenses because it was his understanding that a deportation, and not imprisonment, would result therefrom.

It was certainly within the trial court's discretion to test the credibility of the appellant and believe trial counsel who denied any threats over the allegations of the appellant. It is, however, my opinion, that the cumulative nature of appellant's situation at the time he tendered his guilty plea,[2] and because his request

---

[2] The fact that the trial court considered the guilty pleas in the federal proceedings as relevant to his ruling on appellant's motion to withdraw on the state charges may in itself be error. This point was not, however, raised. What is an important factor is that the trial court construed appellant's request one day before sentencing on federal charges as a motive and as an "induce[ment] of his motion," so as to come under *Commonwealth v. Mills*, 447 Pa. 163, 164, 286 A.2d 638 (1971), prohibiting the Commonwealth from prosecuting or imposing punishment for the same offense as a prior conviction in the federal courts, "unless it appears . . . that the

was made prior to sentencing, the trial court should have permitted a withdrawal of the guilty pleas. Since the Commonwealth has failed to cite any prejudice that would result in availing the appellant his right to a trial by jury, this Court should "liberally allow" a request for withdrawal of a guilty plea, where, as in the instant case, the request is made prior to sentencing and the cause appears just.[3]

The judgment of sentence should be reversed, appellant be allowed to withdraw his guilty pleas, and a new trial ordered.

SPAETH, J., joins in this dissenting opinion.

---

interests of the Commonwealth . . . are substantially different." A majority of this Court agreed that the timeliness of appellant's request so as to possibly benefit by the *Mills* decision in escaping punishment in this Commonwealth might be "strongly suggestive of the conclusion reached by the lower court." In the federal courts, the appellant may have received a suspended sentence or may have been deported because of his alien status, his unemployment and its effect on his family's welfare, and his criminal activity. To deny appellant's request because of the trial court's interest in imposing punishment for the sake of punishment, and construing *Mills* as a devious obviation of the criminal process, was an improper exercise of judicial discretion.

[3] See, *Commonwealth v. Santos*, 450 Pa. 492, 495-6, 301 A.2d 829 (1973); *Commonwealth v. Forbes*, 450 Pa. 185, 190, 299 A.2d 268 (1973); A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, §2.1(b).