Commonwealth *v.* Robinson, Appellant.

Submitted December 3, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH,
JJ. (SPAULDING, J., absent.)

*Ralph W. D. Levan* and *A. Anthony Kilkuskie,* for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the judgment of sentence from the Court of Common Pleas, Criminal Division, of Berks County after refusal by the Court below to permit the defendant-appellant, Lillian B. Robinson, to change her plea from guilty to not guilty, before sentence.

The defendant was indicted for carrying a concealed deadly firearm without a license. She was called to trial on June 14, 1972. After the jury had been challenged and selected but before it was sworn she changed her plea from not guilty to guilty. After a long and detailed colloquy which fulfilled the mandate required in such cases, the plea was accepted. When called for sentence, she then indicated a desire to change her plea from guilty to not guilty. The court then suggested that she formally petition for the change.

The court below commented on the hearing on her petition to change her plea in his opinion as follows:

"At a hearing on said petition it appeared that her reason for her desire to withdraw her guilty plea was not any feeling of innocence but rather her disappointment that the recommended sentence by the Chief Parole and Probation Officer was greater than she had expected and hoped for although there was no plea

bargain. The hearing judge refused the prayer of her petition.

"The rule is stated to be that '. . . in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by trial courts is fairness and justice." If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced".' Commonwealth v. Forbes, 450 Pa. 185, 191 (1973); Commonwealth v. Morales, 452 Pa. 53, 54 (1973)."

In *Commonwealth v. Woods*, 452 Pa. 546, 307 A. 2d 880 (1973), the court stated that there is no absolute right to withdraw a guilty plea, although a request for such change prior to sentencing should be liberally allowed. In *Woods*, supra, and in most cases involving a change of plea, there is a contention of innocence of the charge. See also *Commonwealth v. Santos*, 450 Pa. 492, 301 A. 2d 829 (1973). The hearing held on her petition did not reveal such a contention or did the colloquy when she entered her plea of guilty disclose such a contention.

In *Commonwealth v. Kamenca*, 226 Pa. Superior Ct. 548, 553 (1974), this Court affirmed the court below in refusing to permit a change in plea and in speaking for this Court, Judge JACOBS said: "In the present case, we believe that the argument in favor of withdrawal is deficient with respect to a fair and just reason. The appellant was not able to disavow his commission of the acts as to which he stood charged. The tendency of his statements with regard to innocence was to suggest mitigating circumstances surrounding his conduct."

The court below further said: "We are of the opinion that the defendant's disappointment with the sentence recommended and imposed is no fair and just reason to warrant the withdrawal of her guilty plea.

Further, we believe that the Commonwealth would be substantially prejudiced in the prompt disposition of the case if the tactics here attempted by the defendant are permitted."

It is true that in this case the jury had not been sworn but all else had been done. The Commonwealth was ready to try its case. The witnesses were ready and costly time consumed when she decided to enter her plea of guilty. If her petition to change her plea again is permitted, the whole thing starts all over again with a further deterioration of the judicial capacity to try cases. She may then enter pleas like a yo-yo until she gets a sentence to her liking.

Judgment of sentence affirmed.

_____

DISSENTING OPINION BY HOFFMAN, J.:

The sole question in this appeal is whether the trial court erred in denying appellant's motion to withdraw her guilty plea.

On June 13, 1971, while on parole for another offense, the appellant was arrested for carrying a firearm without a license. On June 14, 1972, she entered a plea of guilty after an extensive colloquy. On May 10, 1973, the day scheduled for sentencing, the appellant informed the Court that she wished to withdraw her plea due to a mistaken belief that she would receive credit for "time served" from the date of her arrest until the date she entered her guilty plea. She further stated that she expected the district attorney to make a recommendation that credit be applied to the impending charge.[1] On May 23, 1973, a hearing was held before the Honorable James W. BERTOLET of

_____

[1] As a result of appellant's arrest on the firearms charge, parole was revoked. Credit for "time served" was properly applied to the prior offense for which appellant was serving a term of imprisonment.

the Court of Common Pleas of Berks County. Appellant's motion was subsequently denied, and a maximum three-year sentence was imposed.

Our Supreme Court has held that a defendant should be permitted to withdraw his guilty plea "notwithstanding the trial court's prior explanation of [the charge] and the consequences of a guilty plea, [where] the appellant subsequently testifie[s] that he was mistaken as to the charge [or the consequences] to which he had entered a plea. A trial court, under these circumstances, abuses its discretion by not allowing a guilty plea to be freely withdrawn prior to sentencing when the Commonwealth would not be substantially prejudiced by the plea withdrawal." *Commonwealth v. Santos*, 450 Pa. 492, 495-6, 301 A. 2d 829 (1973).[2] Because guilty pleas involve the waiver of so many fundamental constitutional rights "a request made before sentencing . . . should be liberally allowed." *Commonwealth v. Forbes*, 450 Pa. 185, 190, 299 A. 2d 268 (1973).[3]

In the instant case, the appellant's request to withdraw her guilty plea was made prior to sentencing. There is no indication that the Commonwealth would be prejudiced by granting the appellant her right to a full and fair trial. Appellant's guilty plea was entered

[2] In *Santos*, the Court was careful to note that a much heavier burden had to be met before withdrawal was permitted after the imposition of the sentence. 450 Pa. at 496.

[3] The A.B.A. Standards are in complete harmony with the Pennsylvania view. ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, §2.1(b) provides: "(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his pleas for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

before the jury was sworn, and, therefore, no tactical or unfair advantage would befall the appellant herein. Although there was no formal plea bargain from which appellant could rightfully believe that the district attorney would make the recommendation of "time served" on the firearms offense, and despite a full and adequate colloquy prior to the acceptance of appellant's guilty plea, appellant's mistaken belief as to the consequences of her guilty plea, i.e., the sentencing ramifications on both the prior and the impending charges, justified the withdrawal of the guilty plea. Appellant should have been afforded a right of jury trial on the charges against her, and a denial thereof, under the circumstances, was an abuse of the trial court's discretion.

The judgment of sentence should be reversed, and the case remanded for a new trial.

SPAETH, J., joins in this dissenting opinion.