## Commonwealth *v.* Holmes, Appellant.

142

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 22, 1975:

This is an appeal from an order denying, without a hearing, relief requested in a Post Conviction Hearing Act petition.

In the spring of 1973 the appellant was arrested in connection with two armed robberies of retail stores in the Harrisburg area in which store proprietors were shot. He was subsequently indicted on two counts of aggravated robbery, two of assault with intent to murder and one firearms violation. In April of 1973 the appellant, through counsel, negotiated a plea bargain with the district attorney's office. Under the terms of the agreement the district attorney agreed to accept guilty pleas on all five charges and to recommend a total sentence of 10 to 20 years imprisonment in exchange for the appellant's testimony against three co-defendants arrested in connection with the same two robberies and shootings.

On April 9, 1973, pursuant to the agreement and subsequent to a colloquy to which no objections were then or are now raised, the appellant entered pleas of guilty which were accepted by the court. The court informed the defendant that it would not be bound by the terms of the plea bargain, but that if it found after a review of the evidence that it could not accept the bargain, the appellant would be permitted to withdraw his pleas. After hearing the Commonwealth's evidence the court stated:

"I am willing to accept the plea bargain solely on the basis that you complete your part of that bargain by testifying in all of the cases involving these two robberies . . . . I will not consider myself bound by the plea bargain if you do not testify as you have indicated. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right."

The court then sentenced the appellant to a term of 10 to 20 years on charges arising from one of the robberies and deferred sentencing on the other charges.

When the co-defendants were brought to trial, however, the appellant failed to perform his part of the plea bargain and he refused to testify against his confederates. He was then brought before the lower court on January 7, 1974, nine months after the pleas and original sentencing, for a second sentencing proceeding at which time the court entered on the undisposed of pleas additional sentences to run consecutively to the original sentence.

Reviewing appellant's petition and his brief before this Court, his argument appears to be that the lower court abridged his constitutional rights by not advising him at the time of the second sentencing that he could withdraw the guilty pleas on which he had not been sentenced, and that he would be foregoing certain rights if he did not.[1] After examining the law and the facts we are unable to find any merit in appellant's contention.

Initially we note that at the second proceeding the appellant never requested that he be permitted to withdraw his guilty pleas. The record reveals that although his attorney advised him that this was the only reasonable possibility available to him, the appellant requested his attorney not to move to withdraw the pleas. Additionally, no direct appeal was taken from either judgment of sentence. As such, it would appear that the appellant has waived any right to object to the trial court's actions. *See generally Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). We are convinced, moreover, that had the appellant requested the right to withdraw his guilty pleas at the second sentencing proceeding, such a request properly could have been denied, and that the court was under no duty to withdraw, *sua sponte,* the plea.

The entering of a guilty plea is a "grave and solemn act" in which the defendant admits that he committed

---

1. Appellant states in his brief: "It is submitted that Holmes should have been advised that since the Court was not going to be bound by the pleas [sic] bargain, the consequences of what would follow." Appellant's brief at 8.

the acts charged in the indictment, *Brady v. United States,* 397 U.S. 742, 748 (1970), and which, because of the relinquishment of rights inherent in the plea, must be voluntarily, knowingly and intelligently made by the defendant. *See, e.g., Commonwealth v. Johnson,* 460 Pa. 493, 333 A.2d 881 (1975). As noted above, the appellant herein does not challenge the voluntariness of his original plea; he asserts only that at the second sentencing proceeding he should have been informed of his right to withdraw his remaining pleas. This "right," however, does not exist. Although the withdrawal of a guilty plea before sentencing should be liberally allowed, *Commonwealth v. Woods,* 452 Pa. 546, 307 A.2d 880 (1973), "there is no absolute right to withdraw such a plea . . . ." *Commonwealth v. Sanutti,* 454 Pa. 344, 349, 312 A.2d 42, 44 (1973). The disposition of a request to withdraw a guilty plea prior to sentencing is within the sound discretion of the court. Pa. R.Crim. P. 320. "Specifically, if the trial court finds any fair and just reason for withdrawal before sentence, and if no substantial prejudice has been incurred by the prosecution, withdrawal of the guilty plea should be freely permitted." *Commonwealth v. Kamenca,* 226 Pa. Superior Ct. 548, 553, 323 A.2d 162, 165 (1974); *see Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973).

The appellant herein, however, advanced no reason in the court below for permitting the withdrawal of his pleas; indeed, he did not even request the withdrawal of the pleas. Before this Court he apparently argues that the court breached the plea agreement by imposing a consecutive sentence. Had there been a breach of the agreement by the Commonwealth or the court we would hold his plea invalid, *Santobello v. New York,* 404 U.S. 257 (1971); *Commonwealth v. Sanutti,* supra, but here there was neither misrepresentation nor breach by either the court or the Commonwealth. The appellant was twice informed that the single sentence was wholly contingent

upon his testifying for the Commonwealth. It is he, not the Commonwealth or the court, who breached the agreement. We cannot hold that the imposition of a consecutive sentence under the terms of this agreement is injustice of any sort.

Order affirmed.