378 A.2d 1289

**COMMONWEALTH of Pennsylvania**

v.

**Stanley Q. WEST, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Oct. 6, 1977.

Gregory V. Smith, Williamsport, for appellant.

J. Michael Williamson, Lock Haven, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

The dispositive issue on this appeal is whether the lower court abused its discretion in refusing to permit appellant to withdraw his plea of *nolo contendere.*

Appellant, a medical doctor practicing in Clinton County, was indicted on 54 counts charging him with unlawfully dispensing prescriptions for controlled drugs. On November 12, 1975, appellant pleaded *nolo contendere* to four counts charging violation of § 13(a)(14) of The Controlled Substance, Drug, Device and Cosmetic Act.[1] The substance of those counts related to appellant's dispensing of prescriptions for controlled drugs to undercover agents, the prescriptions being made out in the name of a third person and without the benefit of an examination. The factual basis for appellant's plea was established by appellant's admission of the acts alleged and by the testimony of two doctors, who were qualified as experts, regarding the medical propriety of the acts. After accepting the plea the lower court deferred sentencing pending receipt of a pre-sentence report.

On November 28, 1975, before the sentencing, appellant applied to the court for permission to withdraw his plea so that he could re-plead not guilty and go to trial. After a hearing the court refused the application, and on March 15, 1976, it imposed sentence. This appeal followed.

Pa.R.Crim.P. 320 provides:

At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty[2] to be withdrawn and a plea of not guilty substituted.

1. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(14), *as amended,* 35 Pa.C.S. § 780–113(a)(14).

2. For purposes of the rule a plea of *nolo contendere* is treated as a plea of guilty. *Commonwealth v. Hayes,* 245 Pa.Super. 521, 369 A.2d 750 (1977).

In enforcing this rule both the Supreme Court and this court have consistently held that a pre-sentence request for permission to withdraw a guilty plea should be liberally granted. *Commonwealth v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973); *Commonwealth v. Morales*, 452 Pa. 53, 305 A.2d 11 (1973); *Commonwealth v. Santos*, 450 Pa. 492, 301 A.2d 829 (1973); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977). In *Forbes* the Supreme Court said:

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." *United States v. Stayton*, 408 F.2d 559 (3d Cir. 1969). If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."
> 450 Pa. at 191, 299 A.2d at 271.

The Commonwealth has argued that it will be prejudiced if appellant is allowed to withdraw his plea since at the guilty plea hearing much of its case was exposed, in particular the testimony of its two medical expert witnesses, thus affording appellant an extent of pre-trial discovery that would not otherwise have been available. Assuming that the Commonwealth is right about the extent of discovery, *but see* the most recent changes in the Rules of Criminal Procedure regarding discovery, Pa.R.Crim.P. 305, a certain amount of discovery is the normal consequence of any negotiated plea. Perhaps in some cases a defendant might learn something that would enable him to take unfair advantage of the Commonwealth were the case to go to trial. That cannot be said to be so here, however, where what was learned was no more than two doctors' opinions regarding proper medical practice. If appellant gained any advantage from such discovery, it did not result in the sort of "substantial [ ] prejudice" that should prevent the withdrawal of a plea. *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976).

The Commonwealth has also argued that it will be prejudiced in that if appellant is allowed to withdraw his plea he will probably renew a previous motion for a change of venue. At this point whether such a motion would succeed, or if it did, whether the Commonwealth would suffer any prejudice as a result, is mere speculation.

There is some indication in the cases that when no substantial prejudice to the Commonwealth appears, permission to withdraw the plea should be granted. *See especially Commonwealth v. McLaughlin, supra,* 469 Pa. at 412, 366 A.2d at 241 ("the existence of substantial prejudice to the Commonwealth is the crucial factor in determining whether to allow a presentence withdrawal of a guilty plea"). Perhaps it may be said that the fact that there is no substantial prejudice is itself a fair and just reason for permitting withdrawal. Be this as it may, if an independent or additional fair and just reason must appear, here one does.

At the hearing on appellant's plea the District Attorney informed the court:

> There is also the issue as to the suspension of Dr. West's privileges as a physician in the Commonwealth of Pennsylvania. This is a subject over which the District Attorney's office has no control and there obviously cannot be and have not been any discussions with regard to any role that the District Attorney might play in those particular suspension proceedings because I cannot anticipate that there would be any role the District Attorney would play.

Notes of Testimony, Guilty Plea Hearing, p. 5.

On the day following the hearing the district attorney was quoted in a local newspaper as saying that "[t]he Bureau of Drug Control's and my primary interest in this case is to get Dr. West out of practice." Appellant's position is that part of the negotiated plea agreement, as shown by the district attorney's statement to the court, was the promise that the district attorney's office would not become involved in proceedings to revoke appellant's license to practice medicine, and that the district attorney's statement to the newspapers

was a violation of this promise and therefore of the plea agreement.

We do not find it necessary to decide whether the two statements by the district attorney were contradictory in regard to his intentions in this case. We may assume that in the district attorney's mind they were not.

The reasons thought to justify negotiated plea agreements have recently been summarized as follows:

> Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

It is apparent that these advantages cannot be achieved unless the defendant understands his situation, and then on the basis of that understanding, voluntarily decides to enter his plea. It is the court's responsibility to ensure that before it accepts the plea this is the defendant's state of mind. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Thus the defendant must be informed of the nature of the offense with which he is charged, the procedural safeguards that he will lose if he enters his plea, and the terms of the negotiated plea bargain. Pa.R.Crim.P. 319; *Commonwealth v. Eck*, 473 Pa. 414, 374 A.2d 1281 (1977); *Commonwealth v. Ingram, supra*.

The court's responsibility to ensure that the plea is understanding and voluntary does not end upon entry of the plea. At that point the only event that has occurred is that the

defendant has fulfilled his part of the plea agreement. If thereafter the defendant reasonably perceives that the Commonwealth is reneging on its obligations under the plea agreement, the voluntariness of his plea is likely to evaporate. If that happens, the basis of the plea will have been destroyed, and upon learning this, the court should permit the plea to be withdrawn. *Commonwealth v. Wilson*, 234 Pa.Super. 7, 335 A.2d 777 (1975).

■ This is not to say that a defendant should be permitted to withdraw his plea simply because he has changed his mind regarding whether the plea agreement is satisfactory. There are many occurrences that might prompt a defendant to decide that he would prefer to go to trial: a crucial witness for the Commonwealth might have died or become incompetent; or a change in the law may have occurred. Such events do not represent a fair and just reason to permit the withdrawal of a plea. *Cf. Commonwealth v. Williams*, 248 Pa.Super. 395, 375 A.2d 155 (1977); *Commonwealth v. Kamenca*, 226 Pa.Super. 548, 323 A.2d 162 (1974). Where, however, the voluntariness of a plea has been undermined by the defendant's perception that the Commonwealth is not fulfilling its part of the plea agreement, permission to withdraw the plea should be granted, even if that perception is caused by an initial misconception of the agreement on the part of the defendant.

■ In this regard it is noteworthy that the Commonwealth has not argued that appellant's motion to withdraw his plea was not motivated by an honest belief that the plea agreement had been violated; nor has the Commonwealth argued that this belief did not undermine the initial voluntariness of the plea. Rather, the Commonwealth has argued that appellant should not be permitted to withdraw the plea because he has not asserted his innocence of the crimes he pleaded guilty to. This is too narrow a view. While it is true that an assertion of innocence may be a "just and fair reason" to permit withdrawal of a plea, *Commonwealth v. Boofer, supra*, it is not the only such reason. Any reason is just and fair if it is sufficient to show that the plea is not

understanding and voluntary. In some cases it will appear that when entered, the plea was not understanding and voluntary. *Commonwealth v. Santos, supra.* In another case, such as this one, it will appear that before sentencing, some event occurred that undermined the basis of the plea to such an extent that it ceased to be understanding and voluntary. In principle there is no difference between these two situations. The fallacy of the Commonwealth's argument is the assumption that a defendant's right to trial depends upon whether he asserts his innocence. That is not the law. A defendant's right to trial depends upon whether he has understandingly and voluntarily given it up. "Before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all the constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our Constitution." *Commonwealth v. Santos, supra,* 450 Pa. at 495, 301 A.2d at 830, quoting *Commonwealth v. Neely,* 449 Pa. 3, 6, 295 A.2d 75, 76 (1972), quoting in turn *Dukes v. Warden, Connecticut State Prison,* 406 U.S. 250, 258, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972).

Appellant contends that another reason to permit him to withdraw his plea is that during the colloquy preceding his plea the court erred in defining the crime with which appellant was charged.

Each of the four counts to which appellant pleaded involved a violation of Section 13(a)(14) of The Controlled Substance, Drug, Device and Cosmetic Act,[3] which prohibits

>  [t]he administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision unless done (i) in good faith in the course of his professional practice; (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.

**3.** See note 1, *supra.*

The court instructed appellant that the three phrases in the "unless . . ." clause were to be read in the disjunctive, that is, that to prove its case the Commonwealth would only have to prove that appellant had failed to comply with one of the conditions: that he dispensed the prescription *either* not "in good faith in the course of his professional practice", *or* not "within the scope of the patient relationship", *or* not "in accordance with treatment principles accepted by a responsible segment of the medical profession." Appellant contends that this interpretation was erroneous in that the three phrases should be read not in the disjunctive but the conjunctive, so that the Commonwealth would have to prove that appellant had failed to comply with all three of the conditions. Therefore, he concludes, the definition of the crime was faulty, and he should get a trial. *Commonwealth v. Ingram, supra.*

Since we have already determined that appellant should have been permitted to withdraw the plea, we need not decide this interesting and apparently novel issue.[4] The issue may come up at appellant's trial, but it also may not. We have no way of predicting how the district attorney will try his case. Since the issue involves a very difficult question of statutory interpretation with a constitutional dimension, see *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25

4. The current phrasing of § 13(a)(14) is the result of a relatively recent revision by way of the Act of Dec. 30, 1974, P.L. 1041, No. 340, § 1. We have been unable to find any case in point. It is noteworthy, however, that almost the identical language appears in § 11(d), which was part of the original Act as passed in April of 1972. See note 1, *supra.* That section provides:

A practitioner *may prescribe, administer, or dispense* a controlled substance or other drug or device only (i) in good faith in the course of his professional practice, (ii) within the scope of the patient relationship, *and* (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession. A practitioner *may cause* a controlled substance, other drug or device to be administered by a professional assistant under his direction and supervision.

(Emphasis added)

Query: Is there any significance to the presence of the underscored "and" in § 11(d) but its absence in § 13(a)(14)?

L.Ed.2d 368 (1970), we shall postpone its resolution until it is crucial to the case.

The judgment of sentence is vacated and the record is remanded to the lower court with instructions to permit appellant to withdraw his plea.

WATKINS, President Judge, and JACOBS, J., concur in the result.

PRICE and VAN der VOORT, JJ., dissent.