J-S04004-20
J-S04005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY L. LANG | : | |
| | : | |
| Appellant | : | No. 1353 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 4, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000330-2018


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY L. LANG | : | |
| | : | |
| Appellant | : | No. 1354 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 4, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000331-2018


BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 7, 2020**

In these appeals, which we hereby consolidate, Appellant, Cory L. Lang,

appeals from the judgment of sentence of an aggregate term of 30 to 60

months' incarceration, imposed after he pled guilty to two counts of receiving

stolen property in two separate cases, CP-64-CR-0000330-2018 (hereinafter

"330-2018") and CP-64-CR-0000331-2018 (hereinafter "331-2018").

Appellant solely challenges the trial court's denial of his pre-sentence motion

to withdraw his guilty pleas in both cases. After careful review, we affirm.

The trial court summarized the pertinent facts and procedural history of

Appellant's cases, as follows:

I. Case Number 330-[]2018

***

On July 25, 2018, State Police responded to a report of a vehicle crash on Huckleberry Road in Dreher Township, Wayne County. [At] the scene, State Police observed a 2016 white Ford Explorer pinned against a tree and a white male later identified as [Appellant] in the grass being treat by EMS. The passenger was being extricated from the passenger seat by EMS. Police spoke with a Frank Cortino, who arrived on scene immediately after the crash, who stated that he and another male helped the operator, identified as [Appellant], from the driver's seat of the Ford Explorer. Police made contact with [Appellant] who was identified by a New Jersey driver's license[,] which was found in the pocket of the driver's side door. [Appellant] admitted he was the operator of the Explorer, however, he did not know his passenger's name. He related he was going to a friend's home, but did not know where. Both [Appellant] and the passenger, identified as James Macon by his New Jersey Department of Corrections ID Card, were unsure as to what had happened. Both men had bloodshot and glossy eyes[,] and the smell of marijuana was emanating from their persons. Macon also did not know the name of the driver. The vehicle registration was run and it was determined that the vehicle in question was stolen earlier that morning, with its keys, from a car dealership in Woodbridge, New Jersey. Marijuana was found in a plastic bottle on the driver's side floor and a set of keys to the Explorer was found in the pocket of the driver's door next to [Appellant's] wallet. A blood test on [Appellant] came back positive for the presence of cocaine and marijuana.

[Appellant] was charged on July 26, 2018[, with various offenses, including receiving stolen property.] [He]

subsequently[] … waived his preliminary hearing and formal arraignment. … In September 2018, [Appellant] wrote a letter to the District Attorney of Wayne County and in the letter, [Appellant] acknowledged who [his c]o-[d]efendant was and what he was charged with[,] but [he] claimed his innocence in general [to the crimes charged in 330-2018].

\*\*\*

On December 20, 2018, [Appellant], under oath, voluntarily and intelligently pled guilty to Count 1-Receiving Stolen Property, a felony in the 3rd degree. This [c]ourt accepted [Appellant's] guilty plea. However, on February 6, 2019, one day before sentencing, [Appellant] filed a Motion to Withdraw his Guilty Plea on 330-[]2018. [Appellant] testified that he [had] advised his attorney of his intent to withdraw his plea approximately two weeks prior to sentencing[,] but a miscommunication occurred regarding hi[s] obtaining private counsel and the Motion was not filed until the day before sentencing. [Appellant] testified that he wanted to withdraw his guilty plea because his [c]o-[d]efendant told [Appellant's] mother on the phone that [Appellant] did not know the vehicle in question was stolen. [Appellant] claimed he is innocent in his Motion to Withdraw the Guilty Plea and at the hearing [held thereon on February 21, 2019]. However, [Appellant] admitted he entered a guilty plea knowingly and voluntarily and did not present any evidence that he did not know the vehicle in question was stolen at the hearing. The [C]ommonwealth did not present any evidence of prejudice.

II. Case Number 331-[]2018

The Affidavit of Probable Cause and Complaint allege that the incident occurred on April 13, 2018[,] in Breezewood Acres Lehigh Township, Wayne County. [Appellant] was identified by a local resident who had extended interactions and conversations with [Appellant] on two separate days. Raymond Grace … reported that [Appellant] asked [] Grace for his help pulling his friend's vehicle out of the woods. [] Grace told [Appellant] that it was late and that he would help him the following day. Grace stated when he met [Appellant] and his friend, both were covered in mud and wearing all black. [Appellant] stated they needed help getting their Nissan Exterra out of the woods. Grace thought they might have been four[-] wheeling but when Grace first saw them, they were on foot.

The following morning[,] they were riding a red quad. [Appellant] was very insistent that they get the car out quickly. Grace met them on Rt. 196 at 8:28[]AM[,] and they were farther up in the woods than they initially told Grace. [Appellant] was riding the red quad and hooked up Grace's vehicle to their car so he could pull them out. Grace's vehicle broke while doing so. The plan was for [Appellant] and the other individual to follow Grace back to Breezewood because his vehicle was now broken. When they came out of the woods, [Appellant] and his friend both turned onto Rt. 196 and took off towards Mt. Pocono and never followed [] Grace back to Breezewood. A red quad was later found by Lehigh Police on Rt. 196 and 422 in the woods. Shawn Bradford, a resident of Breezewood Acres, had his trailer broken into the previous day and he identified the red Kawasaki Prairie ATV found on Rt. 196 as his. He did not give permission to [Appellant] or anyone to remove or operate his red ATV.

A summons was issued for [Appellant] on May 17, 2018, and an arrest warrant was issued on May 30, 2018. [Appellant] was arrested on July 26, 2018[,] and [he] waived his preliminary hearing and formal arraignment on August 1, 2018. [In the] September … 2018 [letter from Appellant to the Wayne County District Attorney,]… [Appellant] stat[ed] that he [was] aware of the charges, aware of the deal offered, but he wanted to know the terms if he did plead guilty. [Appellant] wrote[:] "Now as for No. CP 64-CR-0000331-2018 for Receiving Stolen Property on April 13, 2018, I would have no problem pleading guilty…. But I want to make sure that I know what the sentence would be if I did plead guilty." On December 20, 2018[,] [Appellant], under oath, voluntarily and intelligently plead guilty to Count 1-Receiving Stolen Property, a felony in the 3rd degree. The [s]ummary of [e]vidence put on the record, which included the date of April 13, 2018 as the date of the offense, [stated that] [Appellant] [was] operating the red Kawasaki Prairie ATV. This [c]ourt accepted the plea. On February 6, 2019, one day before sentencing, [Appellant] filed a Motion to Withdraw his Guilty Plea on 331-[]2018. [Appellant] cite[d,] in his Motion to Withdraw[,] that at the time of the alleged crimes[,] he was living in Florida with an individual named Stephen Gresci. [Appellant] never filed a Notice of Alibi Witnesses pursuant to [] Pennsylvania Rule of Criminal Procedure 567. [Appellant] in this matter was made aware of the date of the offense at his preliminary arraignment on July 26, 2018[,] when [Appellant] was provided a copy of the complaint that included the date of April 13, 2018[,] as the offense date.

- 4 -

> [Appellant] did not present any evidence to support his alibi defense at his Motion to Withdraw Guilty Plea Hearing held on February 21, 2019. The Commonwealth did not present any evidence of prejudice.

Trial Court Opinion (TCO), 3/22/19, at 1-5 (footnote omitted).

On March 22, 2019, the trial court issued an order and opinion denying Appellant's motion to withdraw his guilty pleas in both cases. On April 4, 2019, he was sentenced to the aggregate term stated *supra*. Appellant filed timely notices of appeal in both cases, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In both cases, Appellant raises the same issue for our review: "Whether the trial court erred in denying Appellant's motion to withdraw [his] guilty plea?" Appellant's Brief in 330-2018 at 4; Appellant's Brief in 331-2018 at 4.

We begin by setting forth our standard of review:

> We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Elia**, 83 A.3d 254, 261 (Pa. Super. 2013).

> Pennsylvania Rule of Criminal Procedure 591(A) provides:

>> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

> Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides:

>> "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** cmt. Similarly, in **Commonwealth v. Forbes**, [299 A.2d 268 (Pa. 1973),] the Pennsylvania Supreme Court concluded: "Although there is no absolute right to withdraw a guilty

plea, properly received by the trial court, it is clear that a request made *before* sentencing ... should be liberally allowed."

[*Id.* at 271] ... (emphasis in original). The Court in **Forbes** went on to explain:

[I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

*Id.* (internal citations and some internal quotations omitted). In **Elia**, this Court explained the rationale for the rule of liberal allowance of withdrawal of guilty pleas before sentencing:

The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution.

83 A.2d at 262 (quoting **Commonwealth v. Santos**, ... 301 A.2d 829, 830 ([Pa.] 1973)) (internal citation and quotations omitted).

\*\*\*

In **Commonwealth v. Carrasquillo**, ... 115 A.3d 1284 ([Pa.] 2015), the Pennsylvania Supreme Court recently provided further guidance on the proper exercise of discretion in the context of pre-sentence requests to withdraw guilty pleas. While the Court reaffirmed the **Forbes** liberal-allowance standard, it also observed that its own application of that standard had "lent the [false] impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason" to withdraw a guilty plea. *Id.* at 1292. "In other words, we acknowledge the legitimate perception of a *per se* rule arising from this Court's decisions." *Id.* While our Court shared this misimpression, we also observed that this *per se* approach was "apparently an extremely unpopular rule with prosecutors and trial courts...."

- 6 -

> Rejecting the *per se* approach, our Supreme Court in ***Carrasquillo*** held that "a bare assertion of innocence is **not**, in and of itself, a sufficient reason" to grant a defendant's motion to withdraw a guilty plea. 115 A.3d at 1285 (emphasis added). The Court further stated that "a mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." ***Id.*** at 1290 n.6. Replacing the bright-line rule, the Court instructed that
>
>> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.
>
> ***Id.*** at 1292 (internal citation omitted).

***Commonwealth v. Islas***, 156 A.3d 1185, 1187–89 (Pa. Super. 2017).

Here, Appellant offers a different reason for seeking to withdraw his guilty plea in each of his two cases. First, in case 330-2018, Appellant claims that his co-defendant, James Macon, "called Appellant's grandmother and mother [stating that he] has evidence that could exonerate [] Appellant." Appellant's Brief in 330-2018 at 13 (citation to the record omitted). More specifically, at the hearing on Appellant's motion to withdraw his guilty plea, he testified that Macon told his mother and grandmother that Appellant "had no idea the car was stolen." N.T. Hearing, 2/21/19, at 4. Appellant insists that "he is innocent[,] and if [] Macon has evidence that supports Appellant's innocence, he should be afforded the opportunity to have [] Macon testify at trial." Appellant's Brief in 330-2018 at 13.

In rejecting Appellant's request to withdraw his plea, the trial court found his assertion of innocence implausible. *See* TCO at 9. The record supports that determination, as Appellant's raising of his 'new evidence' claim has been inconsistent and undeveloped. For instance, in September of 2018, Appellant sent a *pro se* letter to the District Attorney expressing his desire to plead guilty in both cases, as long as he would receive a sentence of either probation or imprisonment in the county jail, rather than state incarceration. *See* Commonwealth's Response to Motion to Withdraw Plea, 2/15/19, at Exhibit A. In the letter, Appellant claimed that he "did not truly know the vehicle was stolen until [he and Macon] … ended up in Wayne County Jail [and Macon] let [Appellant] know what he did to get the vehicle." *Id.* at 2 (unnumbered). Although he allegedly discovered this potential defense, Appellant pled guilty to receiving stolen property. As the trial court observes, he "offered no plausible reason why he could not have asserted the defense of not knowing the car was stolen before he pled guilty." TCO at 9.

Additionally, when Appellant later filed his motion to withdraw his plea, he made no mention of Macon. Instead, he claimed that the "[n]ew evidence that has come to light" was that he "was advised that the owner of the vehicle, Catherine M. Kwashek, informed the police that the vehicle was not stolen by [Appellant]." Motion to Withdraw Plea, 2/8/19, at 2 (unnumbered). Then, at the hearing on his motion, Appellant changed his 'new evidence' claim yet again, this time asserting that Macon had called his grandmother and mother and told them that Appellant did not know the car was stolen. However,

Appellant did not present any testimony or affidavit from Macon, nor call to the stand his mother or grandmother to confirm what Macon told them or that he would be willing to testify on Appellant's behalf if he proceeded to trial.

Given this record, we cannot conclude that the trial court abused its discretion in concluding that Appellant's claim of innocence is implausible and does not constitute a fair and just reason to permit him to withdraw his plea. Appellant knew about his possible 'lack-of-knowledge' defense as early as September of 2018, yet he still pled guilty in December. He also changed his 'new evidence' claim throughout the proceedings, and at the hearing on his motion to withdraw, he offered no evidence to support his assertion that Macon called his mother and grandmother to offer exonerating information. Therefore, we agree with the trial court that Appellant did not make a colorable demonstration that withdrawing his plea would promote fairness and justice.

Second, in case 331-2018, Appellant claims that the court erred by denying his motion to withdraw his plea when he has alleged an alibi defense to the charges. Specifically, Appellant asserted in his motion to withdraw his plea that, "[a]t the time of the alleged crimes, [he] was living in Florida with Stephen Gresci." Motion to Withdraw Plea, 2/8/19, at 2 (unnumbered). Appellant acknowledges that he "did not explain why he did not file a Notice of Alibi Defense[,]" but he insists that "the fact that [he] is asserting he was in Florida at the time of the crime and named his roommate, who could confirm that Appellant was in Florida at the time of the crime, should have been sufficient reason for the [t]rial [c]ourt to conclude [that] Appellant satisfied

the 'colorable demonstration' that permitting withdrawal of the plea would promote fairness and justice established in **Carrasquillo, supra**…." Appellant's Brief in 331-2018 at 13-14.

We disagree. The trial court did "not find [Appellant's] assertion of innocence … to be compelling enough to promote fairness and justice…." TCO at 10. The court reasoned:

> [Appellant] had months to review the discovery and determine his whereabouts prior to entering his guilty plea. [Appellant] indicated his clear intent to plead guilty in his letter to the District Attorney's Office and [he] knowingly, voluntarily, and intelligently entered a plea of guilty on December 20, 2018. Now, [Appellant's] basis for his withdraw of his plea is a claim of innocence[,] but such is not plausible. [Appellant], at the last possible moment and for the very first time one day prior to sentencing, contradicted his previous handwritten statements and numerous statements he made under oath to make the claim that he was living in Florida during the offense….
>
> ***
>
> The exceedingly late timing and sincerity of [Appellant's] claims diminish [his] credibility. [Appellant] never filed any Notice of Alibi Witnesses with this [c]ourt. No evidence was presented that demonstrates [that Appellant] informed his attorney that he was living in Florida at the time of the alleged crime. No evidence was offered that [Appellant] did not know the date of the alleged incident. No evidence was offered that [Appellant] was precluded from either knowing the date of the alleged crime or presenting an alibi defense to this [c]ourt. [Appellant] did not include in his letter to the District Attorney in September of 2018 that he was in Florida when the police say he committed the crime. Only one day before he [was] to be sentenced [did Appellant] assert his innocence. [Appellant] indicated a clear intention to plead guilty in his letter and on the date of his guilty plea.

***Id.***

Based on the court's discussion and our review of the record, we conclude that the court did not abuse its discretion in denying Appellant's motion to withdraw his plea. The record supports the court's determination that his alibi defense is not credible and, thus, his assertion of innocence is not plausible. Accordingly, we affirm Appellant's judgments of sentence in both case 330-2018 and 331-2018.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2020