**UNITED STATES of America**

v.

**Samuel Rizzo DE CAVALCANTE et al.,**
**Appellant.**

**No. 71–1586.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 25, 1971.

Decided Sept. 10, 1971.

Raymond A. Brown, Brown, Vogelman, Morris & Ashley, Jersey City, N. J., for appellant.

Garrett E. Brown, Jr., Asst. U. S. Atty., Newark, N. J., for appellee.

Before HASTIE, ADAMS and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order, entered after a full hearing, that denied appellant's motion, filed before sentence, to withdraw his plea of guilty.

On January 2, 1970, appellant had pleaded not guilty to a charge of conspiring to commit a federal offense through inter-state telephoning in furtherance of an unlawful gambling business. On December 15, 1970, after the completion of pretrial procedures, the district court set February 2, 1971 as the peremptory date for trial. On January 15, 1971, at his own request and after a hearing, appellant was permitted to withdraw that plea and to plead guilty. At that time he was under sentence of the same court to a term of imprisonment pursuant to another conviction, and the prosecutor had advised defense counsel that the government would recommend that any sentence pursuant to the now proposed guilty plea run concurrently with the sentence already imposed and would not oppose a suspended sentence. Subsequently, on March 10, 1971, we reversed the outstanding conviction, directing acquittal on two counts and permitting a new trial on one. United States v. De Cavalcante, 3d Cir. 1971, 440 F.2d 1264. Two days later, appellant filed his present motion for leave to withdraw his guilty plea.

At the conclusion of the hearing on this motion, the district court filed detailed and comprehensive findings of fact and conclusions of law. We here set out the findings of fact in their entirety:

*Findings of Fact*

"1. Defendant was at all times herein represented by experienced and able counsel.

"2. Defendant's counsel told defendant in open court that he would not represent the defendant if said plea of guilty were being made for any reason other than that the defendant was in fact guilty as charged.

"3. When the defendant pleaded guilty he knew he had an appeal pending.

"4. Defendant knew that if his conviction were reversed his sentence imposed pursuant thereto would fall.

"5. Defendant told the truth when he stated to the Court at the time of entering his plea of guilty that said plea was not induced by any promises or threats.

"6. Defendant told the truth when he stated to the Court at the time of entering his guilty plea that there had been no understanding or prediction made to him concerning his sentence.

"7. Defendant told the truth when he stated to the Court at the time of entering his guilty plea that he made said plea voluntarily and of his own volition.

"8. Defendant knew that only the Court could determine his sentence.

"9. Mr. Posner informed Mr. Rozza on January 13, 1971, that the Government intended to file a notification

seeking to treat Mr. De Cavalcante as a dangerous special offender in the event he was convicted upon trial in Criminal Number 544–69, and that should Mr. De Cavalcante plead guilty the Government would recommend a concurrent sentence and not oppose the imposition of a suspended sentence if the Court were inclined to grant one.

"10. At the meeting arranged pursuant to Mr. Brown's request on January 15, 1971, Mr. Posner told the defendant, in the presence of his attorney, that the Government intended to file a notification seeking to treat Mr. De Cavalcante as a dangerous special offender in the event of a conviction. Both the defendant and his counsel were informed that a guilty plea would preclude the filing of said notification.

"11. The defendant was told several times that the Government could not guarantee him what sentence would be imposed by the Court but would not oppose the imposition of a suspended sentence, should the Court be inclined to grant one.

"12. The defendant was concerned about further adverse publicity, and the Government represented that it would not issue any press release regarding a plea of guilty.

"13. The defendant was given an opportunity to speak with his attorney in private, and did so for 15 minutes, after which time he advised Mr. Posner that he would plead guilty.

"14. The Government's witnesses have been dismissed and the Government has no knowledge of the whereabouts of one of its key witnesses."

Our examination of the record satisfies us that it adequately supports all of these findings.

■■ Within this Circuit the withdrawal of a guilty plea before sentence is liberally allowed wherever for any reason the granting of that privilege seems fair and just. United States v. Stayton, 1969, 408 F.2d 559. In the circumstances of this case, the fact that prosecution witnesses had dispersed and the whereabouts of one key witness were unknown caused the district judge to conclude that it would be prejudicial and unfair to the prosecution to permit withdrawal of the plea. This consideration could not have been decisive if the original acceptance of the guilty plea had been improper or improvident. But the district court, after full and careful inquiry, found that the guilty plea was entered voluntarily and knowingly, without any misunderstanding, misrepresentation or improper inducement. Therefore, it was within allowable judicial discretion to view the present unchallenged indication of significant potential prejudice to the prosecution as decisive against allowing a withdrawal of the plea.

The order of the district court will be affirmed.