Commonwealth *v.* Morales, Appellant.

Submitted April 23, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Ralph W. D. Levan,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, submitted a brief, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 23, 1973:

Appellant was indicted for the murders of two women in Berks County. His trial began on March 13, 1972, and on March 20, 1972, at the end of the Commonwealth's case, appellant, while represented by counsel, entered guilty pleas to both counts of murder. After a colloquy between appellant and the court, the pleas were accepted. On June 22, 1972, appellant was called for sentencing, at which time appellant stated that he was not guilty of the crimes charged and that he wished to withdraw his guilty plea. After taking testimony from appellant that because of language difficulties and "emotional pressure" caused by so many accusations of guilt against him, appellant's plea was not knowing and voluntary, the court denied appellant's motion and sentenced him to two consecutive terms of four to twenty years' imprisonment and eight to twenty years' imprisonment respectively. This appeal followed.

The sole question raised by this appeal is whether the trial court erred in denying appellant's motion to withdraw his guilty plea.

In *Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A. 2d 268 (1973), we stated: ". . . in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by trial courts is fairness and justice.' [Citing case.] If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.' " See also *Commonwealth v. Santos,* 450 Pa. 492, 301 A. 2d 829 (1973).

Although the court based its decision to refuse appellant's motion to withdraw his guilty plea on a finding

that appellant's claim that he did not fully understand the nature and consequences of his plea was not to be believed, this would not in itself be controlling on the issue of whether to permit the withdrawal of a guilty plea before sentencing in the absence of a showing of prejudice. As we said in *Santos, supra*: "A trial court, [in presentence situations], abuses its discretion by not allowing a guilty plea to be freely withdrawn prior to sentencing when the Commonwealth would not be substantially prejudiced by the plea withdrawal." At page 496.

However, in the instant case, appellant did not plead guilty until after the Commonwealth had presented its case in chief. Prejudice to the Commonwealth, under such circumstances, although difficult to prove, may be a very real possibility. Appellant would obtain an unfair advantage by being allowed, together with his counsel, a full preview of the Commonwealth's evidence before deciding upon their trial strategy. Similarly, appellant's actions, if allowed to succeed, might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause, even though there were no grounds for a mistrial.

Considering the possibility that prejudice might exist under these circumstances, the court committed no abuse of discretion in refusing to permit the appellant to withdraw his plea after holding a full hearing on appellant's allegation.

This case is somewhat similar to the case of *United States v. De Cavalcante*, 449 F. 2d 139 (3rd Circuit 1971), where the defendant had originally pled not guilty and had gone through various pretrial proceedings. His trial date was set and in the interim he changed his plea to guilty. During the period of time defendant was awaiting sentencing, various other charges against him had been dropped and other con-

victions were reversed. When he was called for sentencing on the charge he had plead guilty to, he moved to withdraw his plea. This motion was denied by the District Court. The Third Circuit Court of Appeals affirmed the District Court, stating: ". . . it would be prejudicial and unfair to the prosecution to permit a withdrawal of the guilty plea. This consideration could not have been decisive if the original acceptance of the guilty plea had been improper or improvident. But the district court, after full and careful inquiry, found that the guilty plea was entered voluntarily and knowingly, without any misunderstanding, misrepresentation or improper inducement. Therefore, it was within allowable judicial discretion to view the present unchallenged indication of significant potential prejudice to the prosecution as decisive against allowing a withdrawal of the plea." At page 141.

Since the record in the instant case fully supports the court's finding that appellant originally decided to plead guilty because "he felt that the Commonwealth's testimony proved his guilt" (opinion of the trial court) and that this decision was a knowing and voluntary one, we do not find that the court abused its discretion in refusing to allow the withdrawal of the plea.

Judgment affirmed.

Mr. Justice MANDERINO concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result and agree that the trial court did not abuse its discretion in denying appellant's plea withdrawal request.

In *Commonwealth v. Forbes*, 450 Pa. 185, 191, 299 A. 2d 268, 271 (1973), we held that "[i]f the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.' " Accord, *Commonwealth v. Santos*, 450 Pa. 492,

301 A. 2d 829 (1973). Cf. *Commonwealth v. Starr*, 450 Pa. 485, 301 A. 2d 592 (1973).

Here—as in *Forbes* and *Santos*—appellant's assertion of innocence is a fair and just reason for permitting presentence withdrawal of the guilty plea. However, unlike *Forbes* and *Santos*, the record in this case reveals that the Commonwealth was, in fact, substantially prejudiced by reliance upon appellant's guilty plea. As the majority correctly states, "appellant's actions, if allowed to succeed, might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause, even though there were no grounds for a mistrial."

For this reason alone, I would hold, on this record, that the Commonwealth was prejudiced by reliance upon appellant's guilty plea. I am unable to conclude —as does the majority—that the "possibility" of prejudice is a sufficient ground for denying withdrawal. That appellant "would obtain an unfair advantage by being allowed, together with his counsel, a full preview of the Commonwealth's evidence" is not prejudice. Moreover, on this record, any conclusion that the Commonwealth was prejudiced by the unavailability of witnesses is mere conjecture.*

Mr. Justice NIX joins in this concurring opinion.

---

* If, in fact, witnesses become unavailable, the Commonwealth is permitted to use their testimony at the subsequent proceeding. *Commonwealth v. Velasquez*, 449 Pa. 599, 296 A. 2d 768 (1972).