388 A.2d 1093
**COMMONWEALTH of Pennsylvania**
v.
**Chester Louis LOSINGER, Appellant.**
Superior Court of Pennsylvania.
Argued June 16, 1977.
Decided July 12, 1978.

530

John A. Mihalik, Bloomsburg, with him Hummel, James & Mihalik, Bloomsburg, for appellant.

Richard C. Brittain, District Attorney, Danville, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of the 26th Judicial District of

Pennsylvania, Montour County Branch, following appellant's plea of guilty to a charge of burglary.

Appellant entered his guilty plea on February 12, 1976. The court accepted it after an extensive colloquy and ordered a presentence investigation. The sentencing proceeding was held on November 4, 1976. At that hearing appellant repeatedly requested permission to withdraw his guilty plea. Permission was repeatedly denied and he was sentenced. This appeal followed.

This issue of whether appellant should be allowed to withdraw his plea is properly before us by virtue of his having first sought permission to do so from the lower court. *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 *A.2d* 140 (1975). The appeal in this case was taken before the Pennsylvania Rules of Criminal Procedure were amended to require a presentence motion to withdraw a guilty plea to be followed up with a similar post-sentence motion. See Pa.R. Crim.P. 321, as amended June 29, 1977, effective September 1, 1977. However, the record does not provide us with sufficient information to decide whether appellant should be allowed to withdraw his plea. In *Commonwealth v. Morales,* 452 Pa. 53, 305 *A.2d* 11 (1973) it was held that withdrawal of a guilty plea prior to sentence should be allowed for any fair and just reason, unless the prosecution has been substantially prejudiced. Appellant's reasons for wanting to withdraw his plea are not clear from the record. Prejudice to the Commonwealth resulting from the allowance of withdrawal is a real possibility as the offenses in question are alleged to have been committed in February of 1973. Accordingly, we will remand this case for the filing of a nunc pro tunc post-sentence withdrawal motion in order that appellant may enlighten the court below as to his reasons for seeking withdrawal. The matter may be decided on the basis of the motion and answer if no significant issue of fact is raised, or on the record made at an evidentiary hearing if one is raised. *Commonwealth v. Zakrewski,* 460 Pa. 528, 333 *A.2d* 898 (1975).

Judgment of sentence vacated and case remanded for further proceedings consistent with this opinion.

JACOBS, President Judge, and PRICE, J., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.