J-S31045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN J. FIDDESOP | |
| Appellant | No. 1980 MDA 2014 |

Appeal from the Judgment of Sentence entered on November 6, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0000525-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                              **FILED JUNE 12, 2015**

Allen J. Fiddesop ("Appellant") appeals his November 6, 2014 judgment of sentence, which was imposed upon his guilty plea to a charge of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii).  In his sole issue, Appellant contends that the trial court applied the incorrect standard to his petition to withdraw his guilty plea, and, in so doing, erroneously denied that motion.  We find that the trial court did not so err.  Consequently, we affirm.

The trial court has provided the following brief procedural history of this case:

> On February 14, 2014, [Appellant] entered a guilty plea to Corruption of Minors.  Under the plea agreement, [Appellant] was to serve 11.5 months to 23 months in Franklin County Jail followed by 24 months of probation.  The Statutory Sexual Assault charge[, **see** 18 Pa.C.S. § 3122.1(a)(1),] was to be dismissed.  Sentencing was deferred in order to allow for evaluation by the Sexual Offenders Assessment Board ["SOAB"].  [Appellant], however, in his July 16, 2014 *Motion to Withdraw*

*Guilty Plea*, sought to withdraw his February 14, 2014 guilty plea as he claims innocence in this matter. The Commonwealth filed an Answer in opposition on July 30, 2014, arguing that the "manifest injustice" standard applied as the plea in question was a negotiated plea. A hearing on the issue was held on September 5, 2014 . . . .

Trial Court Opinion, 1/12/2015, at 3. On September 16, 2014, the trial court entered an order denying Appellant's motion to withdraw his guilty plea. On November 6, 2014, the trial court entered the sentence specified in Appellant's negotiated guilty plea—to wit, eleven and one half to twenty-three months' incarceration in the Franklin County Jail to be followed by twenty-four months' probation. On November 12, 2014, after reviewing the SOAB recommendation and conducting a hearing, the trial court designated Appellant a sexually violent predator.

On November 21, 2014, Appellant timely filed his notice of appeal. On December 4, 2014, the trial court entered an order directing Appellant to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 18, 2014, Appellant timely complied. On January 12, 2015, the trial court filed its opinion pursuant to Rule 1925(a). This case is now ripe for our review.

Appellant presents the following issue: "Whether the [trial] court erred by not allowing [Appellant] to withdraw his guilty plea when[,] prior to sentencing[, Appellant moved] to withdraw his plea and asserted his innocence?" Brief for Appellant at 7. Our review of this issue is governed by the following standard:

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A); ***Commonwealth v. Santos***, 301 A.2d 829, 830 (Pa. 1973). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made [b]efore sentencing . . . should be liberally allowed." ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). "Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." ***Id.*** at 271. "If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced." ***Id.*** As a general rule, "the mere articulation of innocence [is] a fair and just reason for the pre-sentence withdrawal of a guilty plea[,] unless the Commonwealth has demonstrated that it would be substantially prejudiced." ***Commonwealth v. Katonka***, 33 A.3d 44, 46 (Pa. Super. 2011) (*en banc*).

In contrast, after the court has imposed a sentence, a defendant can withdraw his guilty plea "only where necessary to correct a manifest injustice." ***Commonwealth v. Starr***, 301 A.2d 592, 595 (Pa. 1973). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny[,] since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa. Super. 2010). If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-sentence motion to withdraw the plea is akin to a post-sentence motion to withdraw the plea, and the "manifest injustice" standard will apply to the pre-sentence motion. ***Commonwealth v. Lesko***, 467 A.2d 307, 310 (Pa. 1983).

To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001).

*Commonwealth v. Prendes*, 97 A.3d 337, 351-52 (Pa. Super. 2014) (citations modified; some internal quotation marks omitted).

We need only consider the propriety of the trial court's application of the manifest injustice standard proposed by the Commonwealth rather than the fair and just standard that Appellant asked the court to apply. In effect, Appellant's entire argument rests on that question; he makes no material argument that the trial court erred in its application of the manifest injustice standard to the facts and circumstances of this case. Put simply, Appellant does not effectively dispute that, if the trial court applied the proper standard, it reached the correct result. Thus, the discussion that follows addresses solely the question of which of the two standards cited above should have applied in the instant matter.

We find that this case is controlled by *Prendes*. In that case, which also involved alleged sex offenses, Prendes elected first to proceed to trial. After both parties presented their cases, the jury conducted its deliberations. However, the jury ultimately reported to the court that it was deadlocked. The court read the jury Pennsylvania Standard Jury Instruction 2.09, Deliberations and Verdict: Deadlocked Jury, and directed the jury to resume deliberations. After doing so, the jury reported that, while it had reached a verdict as to some charges, it had failed to do so as to other charges. The trial court informed counsel that it was prepared to summon the jury and accept a partial verdict. *See* 97 A.3d at 343-44.

Prendes and his attorney requested and were granted a continuance, following which the parties informed the court that they had agreed to a negotiated sentence. Prendes would plead guilty to three counts in return for a sentence of thirty to sixty months' incarceration followed by thirty-six months' probation. The court accepted both the plea agreement and the agreed-upon sentence. Thereafter, Prendes completed a written guilty plea statement with an addendum concerning the registration of sexual offenders. The court also conducted an oral colloquy in open court that undisputedly satisfied the requirements of Pa.R.Crim.P. 590 and the comment thereto, which, *inter alia*, require the trial court to inquire of the defendant whether he is "aware of the permissible range of sentences and/or fines for the offense charged." In connection with both, Prendes undisputedly acknowledged that he was aware of his rights and alternatives, and averred that he entered the plea knowingly and voluntarily. The trial court accepted the plea agreement and deferred sentencing pending a review by the SOAB. *Id.* at 344-45.

The above plea was entered on or about September 17, 2012. Nearly three months later, on December 13, 2012, Prendes filed a motion to withdraw his guilty plea, wherein he asserted that he was factually innocent of all charges. On December 21, 2012, after conducting a hearing concerning Prendes' motion, the trial court denied the motion. Prendes challenged the trial court's denial of his motion to withdraw his plea on appeal. *Id.* at 345, 351.

The **Prendes** Court began by setting forth the above-quoted legal standards respectively governing pre-sentencing and post-sentencing motions to withdraw a guilty plea. Elaborating upon the reason for the disparate treatment of motions to withdraw pre- and post-sentencing, this Court explained as follows:

> Substantial prejudice [to the Commonwealth] exists if a defendant obtains "a full preview of the Commonwealth's evidence before deciding upon [his] trial strategy." **Commonwealth v. Morales**, 305 A.2d 11, 13 (Pa. 1973). Withdrawal of the plea also "might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause . . . ." **Id.** Substantial prejudice also exists if a defendant "now has a script of the testimony of the principal Commonwealth witness . . . ." **Commonwealth v. Ammon**, 418 A.2d 744, 788 (Pa. Super. 1980).

**Prendes**, 97 A.3d at 353 (citations modified).

Turning to the facts presented in that case, this Court reasoned as follows:

> [Prendes'] plea agreement included a negotiated sentence. Because [Prendes] was fully aware of the sentence he would receive, the "manifest injustice" standard applied. Further, [Prendes] failed to show that his guilty plea was not knowing, intelligent or voluntary. Here, the trial court also advised [Prendes] at the guilty plea colloquy that he had the right to withdraw his plea before sentencing. The court also made clear to [Prendes] that any motions to withdraw his plea might be denied. . . . Therefore, we see no error in the court's application of the "manifest injustice" standard to [Prendes'] pre-sentence motion to withdraw his guilty plea.

**Prendes**, 97 A.3d at 354-55 (citations omitted). The Court went on to apply that standard, observing first that Prendes would not prevail even

under the fair and just test. It found that no manifest injustice had occurred and concluded that the trial court did not err or abuse its discretion in its denial of Prendes' motion to withdraw his guilty plea. *Id.*

The trial court in the case *sub judice* found **Prendes** controlling:

In the seemingly distinguishable case, the **Prendes** Court noted that Prendes plead[ed] guilty to a negotiated sentence, which the trial court accepted. Therefore, Prendes was fully aware of the sentence he would receive, and the manifest injustice standard should apply.

* * * *

[S]ince [Appellant] entered into a negotiated plea agreement and was aware of the only possible sentence he would receive, this Court will apply the manifest injustice standard. Here, the Commonwealth and [Appellant] both correctly assert that [Appellant] entered into a negotiated plea agreement. Similar to the plea agreements in **Lesko**[, *supra*,] and **Prendes**, the plea agreement here fully pre-advised [Appellant] of his only possible sentence. As outlined in his plea colloquy, [Appellant] agreed to plead guilty to Corruption of Minors in exchange for a sentence of 11.5 to 23 months in Franklin County Jail plus a consecutive two[-]year term of probation. In addition, the plea colloquy that was filled out and signed by [Appellant] makes clear that his plea was knowing, voluntary, and intelligent. As such, his claim of innocence is largely irrelevant under the manifest injustice standard, even though it may be highly relevant under the fair and just standard. Here, like [in] **Lesko**, sentencing is therefore a "mere formality."

Indeed, [Appellant] in his *Motion to Withdraw Guilty Plea*, does not allege that his plea was unknowing, involuntary, and/or unintelligent. In [Appellant's] written motion, the only basis mentioned for the withdrawal of his guilty plea is that he is innocent of the charge he plead[ed] guilty to. At the September 5, 2014 [guilty plea] hearing, [Appellant] also asserted that he was taking prescribed medication and was intimidated by police during pre-trial events. However, in his plea colloquy, [Appellant] stated that he understood the rights he was waiving, the nature of the charges to which he was pleading guilty . . .,

- 7 -

the maximum penalties that could be imposed on him and that he was satisfied that his plea was voluntary. In addition, if [Appellant] took medication near the time of his guilty plea, there are no signs that his medication influenced his ability to make a knowing, voluntary, and intelligent plea.[1]

\* \* \* \*

Therefore, [the trial court] finds that [Appellant] was pre-advised of the only possible sentence he would receive under his negotiated plea agreement and no manifest injustice is evidenced.

T.C.O. at 7-8 (citations and internal quotation marks omitted).

As noted, Appellant raises no argument that the trial court erred in the way it applied the manifest injustice standard, but disagrees solely with the trial court's decision to apply that standard rather than the alternative fair and just standard. Consequently, any intended argument regarding **how** the trial court applied the manifest injustice standard in this case is waived. *See Commonwealth v. Paddy*, 15 A.3d 431, 458 (Pa. 2011) (deeming issue of ineffectiveness of counsel waived because appellant "failed to develop any argument" on that issue). We consider only the propriety of the trial court's election to apply the manifest injustice standard in the first instance.

Appellant's argument focuses upon distinguishing his case from the facts and circumstances in *Lesko* and *Prendes*. However, because we find

_____

[1] Notably, in Appellant's written colloquy, he answered no to the question "Are you under the influence of drugs or alcohol at the present time?" Guilty Plea Colloquy at 5.

that **Prendes** is more on-point than **Lesko**, we focus upon **Prendes**. Appellant highlights the fact that the plea at issue in **Prendes** followed the presentation of all evidence and the commencement of jury deliberations. Appellant argues that the **Prendes** decision hinged upon the fact that, by the time Prendes sought to withdraw his plea, the Commonwealth had "shown its hand," and that plea withdrawal "amounted to jury[-]fishing because [Prendes] saw the reactions and [the] evidence against him." Brief for Appellant at 11. Appellant also notes the **Prendes** Court's reliance upon the fact that, because the trial court accepted the negotiated plea, Prendes "was fully aware of the sentence he would receive." **Id.** In sum, Appellant contends that **Prendes** is distinguishable because the instant case lacks any evidence of "jury-fishing" or seeking to benefit from having previewed the Commonwealth's entire case.[2] Appellant concludes by arguing that the

_____

[2] For example, Appellant argues that **Prendes** was "narrowly tailored given the facts," Brief for Appellant at 11, apparently in reliance upon the following comment: "At the hearing [on Prendes' plea withdrawal motion], the Commonwealth vigorously asserted [that] it would be substantially prejudiced by the withdrawal of the guilty plea under the specific circumstances of [that] case . . . ." **Prendes**, 97 A.3d at 354. Insofar as this comment a) was ascribed to the Commonwealth, not a statement of this Court, and b) was related to our application of the manifest injustice standard, not in connection with our threshold determination that the standard should apply, it has no bearing on whether this case is sufficiently similar to **Prendes** that the trial court did not err in applying the manifest injustice standard.

Appellant also asserts that **Prendes** "is specifically distinguished" by **Katonka**, supra. Brief for Appellant at 11. Aside from the fact that **Katonka** preceded our decision in **Prendes** by several years, and thus could not have "specifically distinguished" that case, **Katonka** did not address the
(Footnote Continued Next Page)

Commonwealth did not establish that it was substantially prejudiced, an inquiry that, while relevant to the manifest injustice standard,[3] focuses upon the effect upon the Commonwealth rather than the more critical determination as to whether the plea was entered knowingly, voluntarily, and intelligently.

Allowing for the considerable difference between the procedural circumstances in **Prendes** and those in the instant case, we conclude that those circumstances bear far more directly on the results of the manifest injustice inquiry, not whether that test is appropriately applied when a negotiated plea is entered pursuant to which the pleading defendant knows

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

question presented regarding which standard should apply. In **Katonka**, the case involved a negotiated plea in which the Commonwealth agreed to recommend a specified sentence. It is true that this Court reviewed the trial court's refusal to allow the defendant to withdraw his guilty plea under the fair and just test. However, it did not do so in the face of a dispute as to its application. Moreover, the critical issue in that case, indeed the only one squarely addressed, considered the trial court's credibility determination regarding the defendant's assertion of innocence, which is an essential element under the fair and just test, but less important to the manifest injustice test. Appellant appears to appreciate the distinction insofar as he suggests that the trial court committed the same error of refusing to credit a clear assertion of innocence. However, this argument is relevant only to the extent that we agree that the fair and just test was appropriate under these circumstances, and we do not. Because **Katonka** did not consider which test should apply under the circumstances of that test, it is not precedential on that point.

[3] **See Prendes**, 97 A.3d at 353 ("When . . . a defendant attempts to withdraw a guilty plea entered after presentation of the Commonwealth's case-in-chief, prejudice to the Commonwealth although difficult to prove, may be a very real possibility." (internal quotation marks and modifications omitted)).

the precise contours of the only sentence he can receive. *Lesko* and *Prendes* both stand for the general proposition that, when a defendant enters a guilty plea with full knowledge of the only sentence he can receive for the charges in question, then his motion to withdraw must be treated as a post-sentencing motion rather than a pre-sentencing motion. Consequently, the manifest injustice standard must apply.

With this principle in mind, we must note that the certified record does not contain a transcript of the guilty plea hearing in the instant case. However, Appellant does not rely upon or even allude to those proceedings. Moreover, perfecting the certified record is Appellant's responsibility. *Hrinkevich v. Hrinkevich*, 676 A.2d 237, 240 (Pa. Super. 1996). Furthermore, Appellant never disputes that there was only one sentence he could receive under the plea agreement.

This lack of dispute is corroborated by the written colloquy and the trial court's uncontested characterization of the proceedings at issue. In the former, Appellant answered yes to the questions "[D]o you understand that the Judge is not bound to accept the agreement?" and "Do you understand that if the Court rejects the plea agreement, you may change your mind and withdraw your guilty plea?" Guilty Plea Colloquy at 5. Thus, for all practical purposes, the written colloquy established the same condition as in *Prendes*—*i.e.*, Appellant understood that the court could reject the plea bargain with the negotiated sentence, which was fully described in the colloquy, but also understood that, if the court did so, Appellant would be

permitted to withdraw his plea. Thus, although the imposition of the negotiated sentence was not the only possible **outcome**, it was the only **sentence** to which Appellant could be bound as a consequence of that plea. If the court rejected the plea, Appellant would be free to withdraw his plea and proceed to trial, mooting all incidents of the plea. Put another way, Appellant knew with certainty that he would only be bound to his guilty plea if the court imposed the agreed-upon sentence specified therein. Moreover, the trial court asserts, and Appellant does not dispute, that Appellant "entered into a negotiated plea agreement **and was aware of the only possible sentence he would receive**." T.C.O. at 7.

For these reasons, we find that the relevant principles articulated in *Prendes* apply to the instant case. Here, as in *Prendes*, Appellant entered into a plea agreement that hinged upon the imposition of an agreed-upon sentence of which Appellant was fully apprised. Appellant executed a written colloquy, to which was attached the guilty plea information including the negotiated sentence. Months later, Appellant sought to withdraw the plea after the trial court had made clear that it accepted the terms of that agreement, just as the trial court had done in *Prendes*. Notwithstanding that *Prendes* presented very different procedural circumstances, the principle upon which that ruling was based was not materially qualified or expressly restricted to those specific circumstances. Rather, it stated in plain terms that the manifest injustice standard must apply to a defendant seeking to withdraw a duly entered plea that includes a negotiated sentence

of which the defendant was fully apprised at the time the plea was entered. Appellant's arguments focus upon the factual differences, but omit to articulate a basis upon which the underlying legal rule should not apply in the instant matter. We do not find any relevant, self-evident distinction that might fill this void. Consequently, the trial court did not err in applying the manifest injustice standard prescribed by **Prendes**, and Appellant is not entitled to relief. Because Appellant does not materially contest the trial court's application of the manifest injustice standard to the facts of this case, our determination that the court utilized the proper standard concludes our analysis.

Judgment of Sentence affirmed.

Judge Allen joins the memorandum.

PJE Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015