J-S36003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH C. CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 1809 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 21, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001732-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH C. CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 1810 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 6, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002050-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH C. CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 1811 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 6, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002066-2017

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :           PENNSYLVANIA
   :
          v.             :
   :
   :
KEITH C. CHRISTIAN          :
   :
        Appellant    :   No. 1812 WDA 2019

Appeal from the Judgment of Sentence Entered November 6, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002065-2017

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:               FILED SEPTEMBER 15, 2020

Appellant, Keith C. Christian, appeals from the judgment of sentence entered on November 6, 2019 in the Criminal Division of the Court of Common Pleas of Blair County, as made final by the denial of post-sentence motions on November 21, 2019. Appellant claims on appeal that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea. We disagree and, accordingly, affirm.

The trial court aptly summarized the facts and procedural history as follows.

> [Appellant] was charged in [four] separate criminal actions with drug delivery and related offenses for controlled buys that occurred between the time period of April 27, 2017 through August 8, 2017. The [a]ffiant in each case was Sergeant Christopher Moser of the Altoona Police Department. The cases were [consolidated] and proceeded to jury trial on January 16-17, 2019. On the second day of [trial], after the Commonwealth had almost completed its case-in-chief, [Appellant] indicated through

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

his trial counsel, Attorney Douglas J. Keating, that he wanted to enter an "open" plea to all counts of [the criminal informations filed at each case]. After [completing] both written and verbal colloquy[s], [the trial court] accepted [Appellant's] open plea to all counts, and directed that a presentence investigation be performed. [The trial court] then discharged the jury.

[Appellant's sentencing hearing was originally scheduled] for April 4, 2019, however, it was continued at [Appellant's] request until June 17, 2019, whereupon it was once again continued at [Appellant's] request until August 17, 2019. The day before [the hearing], [Appellant] filed a [m]otion to [d]ismiss [all charges lodged against him] pursuant to the Pennsylvania Supreme Court's decision in Commonwealth v. Hlubin, [208 A.3d 1082 (Pa. 2019), which held that the Municipal Police Jurisdiction Act did not relieve a township of its obligation to enact an ordinance adopting a law enforcement cooperation agreement, in order for said agreement to authorize a police officer's extraterritorial activities outside his or her primary jurisdiction]. [The trial court] entered an [o]pinion and[o]rder on September 25, 2019 denying [Appellant's] motion. [Appellant], however, through [newly-appointed counsel, Attorney Richard Corcoran, moved to withdraw his guilty pleas] on October 28, 2019. [Appellant's] sentencing hearing was rescheduled for November 6, 2019. [Prior to the commencement of Appellant's sentencing hearing, the trial court heard testimony and received evidence relating to Appellant's motion to withdraw his guilty pleas. Thereafter, the court denied Appellant's motion by order dated November 6, 2019. The trial court] then proceeded to sentencing and imposed an aggregate sentence upon [Appellant] of 10½ to 21 years [of incarceration] in the state correctional system. [Appellant] was deemed not to be RRRI eligible. He received credit for time served since his commitment date of August 17, 2017.

[Appellant] timely filed [p]ost-[s]entence [m]otions [p]ursuant to Pa.R.Crim.P. 720 on November 15, 2019, which were denied and dismissed without hearing by [o]rder entered November 21, 2019.

On November 27, 2019, Attorney Corcoran filed a [n]otice of [a]ppeal at each criminal [docket]. [The trial court entered its Rule 1925(b) o]rder on December 3, 2019. [Appellant] timely filed his [s]tatement of [errors complained of on appeal on December 16, 2019 and the trial court filed its Rule 1925(a) opinion on January 10, 2020].

- 3 -

Trial Court Opinion, 1/10/20, 2-4.

Appellant's brief raises a single question for our review.

Whether the trial court abused its discretion when it failed to allow Appellant to withdraw his guilty pleas?

Appellant's Brief at 4.

On appeal, Appellant maintains that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. Specifically, Appellant points out that, at the time he entered his pleas, "he did not know that by pleading guilty he was giving up his right to appeal decisions made on his [] motions." Appellant's Brief at 10. Appellant also asserts his innocence and suggests that the Commonwealth would not be prejudiced if withdrawal were permitted. See id. at 10-12. We disagree.

A motion to withdraw a guilty plea before sentencing is governed by Pa.R.Crim.P. 591, which in relevant part states that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

The standard of review we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled.

A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for withdrawing his plea absent

- 4 -

‘substantial prejudice' to the Commonwealth. Commonwealth v. Pardo, 35 A.3d 1222, 1227 (Pa. Super. 2011). In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed." Commonwealth v. Forbes, 299 A.2d 268, 271 (Pa. 1973). The policy underlying this liberal exercise of discretion is well-established: "The trial courts in exercising their discretion must recognize that 'before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial-perhaps the most devastating waiver possible under our constitution.'" Commonwealth v. Santos, 301 A.2d 829, 830 (Pa. 1973).

In Forbes, our Supreme Court instructed that, "in determining whether to grant a presentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.'" Forbes, 299 A.2d at 271.

Commonwealth v. Elia, 83 A.3d 254, 261–262 (Pa. Super. 2013) (parallel citations and certain internal quotations omitted), appeal denied, 94 A.3d 1007 (Pa. 2014).

At the outset, we are unable to agree with Appellant's contention that the trial court abused its discretion in refusing his request to withdraw his plea because he did not understand that the entry of his guilty pleas would cause him to relinquish his right to appeal certain pretrial rulings. In its Rule 1925(a) opinion, the trial court quoted at some length the exchanges that occurred during the course of Appellant's plea colloquy. See Trial Court Opinion, 1/10/20, at 5-6. These exchanges make clear that Appellant affirmatively expressed, on the record and under oath, his understanding that the entry of his guilty pleas would restrict the scope of any subsequent appeals and cause

him to surrender appellate review of any rulings pertaining to his pretrial motions. See id. As the trial court observed, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Id., citing Commonwealth v. Pier, 182 A.3d 476, 480 (Pa. Super. 2018). Because the trial court's assessment is legally sound and firmly supported by the record, Appellant is not entitled to relief based on his contention that he misunderstood the consequences of his guilty pleas.

We also reject Appellant's claim that he offered fair and just reasons to permit withdrawal of his guilty pleas by asserting his innocence of the charges filed against him. Our Supreme Court has clarified that a bare assertion of innocence is not, in and of itself, a sufficient reason to permit the withdrawal of a guilty plea. In Commonwealth v. Carrasquillo, 115 A.3d 1284 (Pa. 2015), the Court explained:

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea[.] More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

Id. at 1285 and 1292.

Here, applying Carrasquillo, we conclude that Appellant has offered nothing more than a bare assertion of innocence. Because Appellant's assertion was insufficient to justify an order granting the withdrawal of his guilty plea, the trial court did not abuse its discretion in denying his motion.

Lastly, we concur in the trial court's conclusion that, given the timing of the entry of Appellant's pleas, the Commonwealth would be substantially prejudiced by an order granting Appellant's motion to withdraw.

> When [] a defendant attempts to withdraw a guilty plea entered after presentation of the Commonwealth's case-in-chief, "prejudice to the Commonwealth … although difficult to prove, may be a very real possibility." Commonwealth v. Morales, 305 A.2d 11, 13 (Pa. 1973). Substantial prejudice exists if a defendant obtains "a full preview of the Commonwealth's evidence before deciding upon [his] trial strategy." Id. Withdrawal of the plea also "might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause[.]" Id. Substantial prejudice also exists if a defendant "now has a script of the testimony of the principal Commonwealth witness[.]" Commonwealth v. Ammon, 418 A.2d 744, 748 (Pa. Super. 1980). "Only when compelling reasons exist, such as a court's improper acceptance of a guilty plea, is a court permitted, after the Commonwealth's case had commenced and a guilty plea entered, to allow the withdrawal of the plea of guilty." Commonwealth v. Whelan, 392 A.2d 1362, 1364 (Pa. 1978), cert. denied, 440 U.S. 926 (1979).

Commonwealth v. Prendes, 97 A.3d 337, 353 (Pa. Super. 2014) (parallel citations omitted), impliedly overruled on other grounds by Commonwealth v. Hvizda, 116 A.3d 1103, 1106 (Pa. 2015).

In its Rule 1925(a) opinion, the trial court carefully recounted the procedural status of Appellant's jury trial at the time Appellant elected to

- 7 -

tender his guilty pleas. See Trial Court Opinion, 1/10/20, at 4. In sum, the court concluded:

> [B]ased upon the fact that [Appellant] entered his guilty plea[s] at a time when the Commonwealth was nearing completion of it[s] case-in-chief, and had presented nearly all its witnesses providing incriminating evidence that Appellant was involved in all four (4) subject controlled buys, [the court] specifically find[s] that to allow [Appellant] to withdraw his guilty plea[s] would constitute substantial prejudice to the Commonwealth.

Id. at 13.

These findings of fact and conclusions of law regarding the prospect of prejudice to the Commonwealth are firmly supported by the record and consistent with the principles that guide a trial court's discretionary authority to permit or decline the withdrawal of a guilty plea after the commencement and/or presentation of the prosecution's case. Since we perceive no abuse of the trial court's discretion, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2020