J-S65004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEE A/K/A JAMES LENEGAN, | |
| Appellant | No. 183 EDA 2014 |

Appeal from the PCRA Order Entered January 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0905921-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LENEGAN, | |
| Appellant | No. 368 EDA 2015 |

Appeal from the PCRA Order Entered February 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1300588-2006

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:        **FILED NOVEMBER 10, 2015**

Appellant, James Lee (a.k.a. James Lenegan), appeals from two orders entered in separate criminal cases, both of which denied his identical

petitions for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9546.[1]  For the following reasons, we affirm both orders.

The PCRA court set forth the facts of Appellant's cases, as follows:

On December 16, 2004, Ray Longstreath, the owner of Northeast Fence and Iron Works, a Philadelphia business, reported a burglary at his company.  Several items were stolen, including credit cards.  On the same day, [Appellant] used one of the stolen credit cards to charge $1,158.04 worth of goods and services (N.T. 3/8/07, 16-17).

On January 21, 2005, at 12:30 a.m., police responded to an activated silent alarm at a commercial building located at 9999 Gantry Road in Northeast Philadelphia.  Upon arrival, they saw [A]ppellant, wearing a full ski mask and dark clothing from head to toe, near the front door of the building.  When he saw the police, he immediately headed for his car.  The officers approached him and asked him what he was doing.  Appellant claimed that he was a security guard for the property and that "people" were attempting to steal batteries from the rear of the building.  When the officers inquired as to [A]ppellant's employer and its address, he was unable to provide any answers.  Their suspicions aroused, the officers telephoned the owner of the property, Chris Henry, and asked him if he had any security personnel working there.  Mr. Henry confirmed that he did not (N.T. 3/8/07, 11-13).

As the police stood with [A]ppellant in front of the building, waiting for Mr. Henry to arrive, they heard the sound of a radio coming from his person.  When one of the officers asked [A]ppellant what the noise was, he replied, "I don't know what you're talking about."  A subsequent search of [A]ppellant's person yielded a police radio and a crowbar.  When Mr. Henry arrived, he inspected the building with the police officers.  They discovered pry marks on the front door.  The crime scene unit made a casting of these marks[,] which established that they had been made by the crowbar recovered from [A]ppellant's

_____

[1] This Court granted Appellant's petition for consolidation of his two appeals by *per curiam* order dated March 30, 2015.

person. There was also damage to a door on the side of the building[,] which cost $268.57 to repair (N.T. 3/8/07, 13-14).

Mr. Henry told the police that he had never seen [A]ppellant before and obviously had not authorized him to enter the building. Appellant provided the police with a false name and identification. From his car, the police recovered an assortment of tools and bolt cutters and a two-way radio (N.T. 3/8/07, 12, 14-15).

PCRA Court Opinion (PCO), 2/25/15, at 2-3.

Based on these facts, Appellant was charged with various offenses in two separate cases, one stemming from his stealing credit cards from Mr. Longstreath's business (CP-51-CR-1300588-2006; Superior Court docket number 368 EDA 2015), and the other from his attempted burglary of Mr. Henry's building (CP-51-CR-0905921-2005; Superior Court docket number 183 EDA 2014). On March 8, 2007, Appellant entered negotiated guilty pleas in both cases. Specifically, in the case docketed by this Court at 368 EDA 2015, Appellant pled guilty to forgery and access device fraud; in the case docketed by this Court at 183 EDA 2014, Appellant pled guilty to attempted burglary and possessing an instrument of crime. That same day, Appellant received a negotiated, aggregate sentence of 2½ to 10 years' incarceration.

In the case docketed at 368 EDA 2015, Appellant did not file a direct appeal and, therefore, his judgment of sentence became final on April 7, 2007, at the expiration of the thirty day time period for seeking review with this Court. **See** 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence becomes final at the conclusion of direct review or the expiration of the time

for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

In the case docketed at 183 EDA 2014, however, Appellant filed a timely post-sentence motion to withdraw his guilty plea, contending that he had not received proper credit for time served. On December 18, 2007, that motion was denied by operation of law. Appellant timely appealed, and on July 13, 2009, this Court vacated his judgment of sentence and remanded "for a hearing limited to [determining] whether Appellant is entitled to any credit for time served in the instant case." *Commonwealth v. Lenegan A/K/A James Lee*, No. 222 EDA 2008, unpublished memorandum at 9 (Pa. Super. filed July 13, 2009). On June 16, 2010, the trial court conducted that hearing, after which it "re-imposed the same sentence and directed that [A]ppellant was to be given time credit on both cases from the date of sentence." PCO at 2. Appellant did not file an appeal from the re-imposition of his sentence and, therefore, that judgment of sentence became final on July 16, 2010. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).

On July 6, 2010, Appellant filed identical *pro se* PCRA petitions in both cases. Counsel was appointed and filed an amended petition on July 24, 2012. In August of 2013, the Commonwealth filed a motion to dismiss Appellant's petition in each of his two cases. On December 12, 2013, the PCRA court issued Pa.R.Crim.P. 907 notices of its intent to dismiss both of

Appellant's petitions. Appellant did not respond to the Rule 907 notice in either case.

On January 10, 2014, the PCRA court dismissed Appellant's petition in the case docketed at 183 EDA 2014. Appellant filed a timely notice of appeal. Due to a clerical error, the court's order dismissing Appellant's PCRA petition in the case docketed at 368 EDA 2015 was not filed until February 2, 2015. Appellant filed a timely notice of appeal in that case, as well. Appellant also timely complied, in both cases, with the PCRA court's orders to file Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. Those concise statements are identical. As mentioned, *supra*, this Court consolidated Appellant's two appeals at his request. Herein, he presents the following issues for our review:

> 1. Did the PCRA court err in dismissing Appellant's PCRA Petition because Appellant should have been allowed to withdraw his guilty plea because the plea was unlawfully induced by trial counsel who was ineffective and erroneously advised Appellant that his sentence would commence when Appellant's bail had been revoked?
>
> 2. Did the PCRA court err in dismissing Appellant's PCRA Petition because trial counsel was ineffective for failing to object and move to withdraw Appellant's guilty plea and have the matter transferred to another judge for disposition because the prosecutor made sentencing recommendations despite having agreed not to do so in the plea agreement that the prosecutor entered into with Appellant and was Appellant's first PCRA/appellate counsel ineffective for failing to raise this claim in his amended Petition, in a post-sentence Motion, and on direct appeal?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Initially, we address the Commonwealth's argument that Appellant's petition filed in the case docketed at 368 EDA 2015 is untimely, as the timeliness of a petition implicates our jurisdiction and may not be altered or disregarded in order to address the merits of the claims raised therein. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, in the case docketed at 368 EDA 2015, Appellant's judgment of sentence became final on April 7, 2007, and thus, he had until April 7, 2008, to file a timely petition. Consequently, his July 6, 2010 petition is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions set forth in 42 Pa.C.S. § 9545(b). Our review of Appellant's *pro se* petition, as well as his amended petition, confirms that Appellant did not present any argument regarding the applicability of a timeliness exception. Instead, he asserted that his guilty plea was unlawfully induced, and that his plea counsel acted ineffectively. Appellant does not argue, let alone prove, that either of these claims satisfies one of the exceptions set forth in section 9545(b)(1). Accordingly, we agree with the Commonwealth that Appellant's petition in

the case docketed at 368 EDA 2015 is untimely and, as such, we affirm the PCRA court's order denying it.

However, because Appellant's petition in the case docketed at 183 EDA 2014 was filed less than one month after he was resentenced in that case, that petition is timely. Accordingly, we will consider the merits of Appellant's arguments as they pertain to his guilty plea in that case.

As set forth above, Appellant alleges in his first issue that his "plea was unlawfully induced *by trial counsel* who *was ineffective* and erroneously advised Appellant that his sentence would commence when Appellant's bail had been revoked." Appellant's Brief at 9 (bold and underline emphasis omitted; italicized emphasis added). At the start of his argument in support of this issue, Appellant states that his guilty plea was unlawfully induced "because *his attorney*[] advised him that the sentences imposed upon him would commence on the day bail was revoked." Appellant's Brief at 9. Thus, it would seem that Appellant is alleging that his plea counsel rendered ineffective representation, which resulted in his plea being unlawfully induced.

However, Appellant goes on to aver that, "[i]nstead of complying with the agreement, *the trial court* directed that Appellant's sentence commence on the date [that] sentence was imposed." ***Id.*** (emphasis added). Then, Appellant devotes the majority of his argument to discussing case law involving *the Commonwealth's* breach of a plea agreement, maintaining that "it is beyond cavil that a defendant is entitled under the PCRA to withdraw a

guilty plea upon proving that *the Commonwealth* breached a plea agreement." ***Id.*** at 12 (citations omitted; emphasis added). Finally, Appellant concludes his argument by stating:

> In the matter *sub judice*, Appellant clearly did not receive the benefit of the bargain he believed he struck with the prosecutor in exchange for his guilty plea. Even a cursory reading of the guilty plea and sentencing hearing transcripts clearly demonstrates that promises were made, understandings were forged, and an agreement was reached by and between [] Appellant and the Commonwealth and that *the Commonwealth breached that agreement* by failing to insure that Appellant's sentences commenced on the date bail was revoked. Appellant asserts that he is innocent and only pleaded guilty because of that inducement. Thus, it is clear that this claim entitles Appellant to PCRA relief and he requests that this Court remand for a new trial.

***Id.*** at 13 (emphasis added).

To the extent that Appellant presents his first issue as an ineffective assistance of counsel claim, the following standard applies:

> To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. ***Commonwealth v. Steele***, 599 Pa. 341, 961 A.2d 786, 796 (2008) (citing ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973 (1987)). With regard to the second, *i.e.,* the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 587 Pa. 304, 899 A.2d 1060, 1064 (2006) (citation omitted). To establish the third, *i.e.,* the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. ***Commonwealth v. Dennis***, 597 Pa. 159, 950 A.2d 945, 954 (2008).

***Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011)

Here, Appellant has failed to discuss, let alone prove, any of the above-stated prongs for demonstrating counsel's ineffectiveness. Moreover, he does not explain how counsel's purported ineffectiveness caused him to enter an involuntary or unknowing plea. ***See Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.") (citation omitted). Therefore, to the extent that Appellant's first issue implicates a challenge to plea counsel's representation, he is not entitled to relief.

Additionally, while Appellant provides a one-sentence statement suggesting that the *trial court* violated his plea agreement by failing to credit Appellant for time served beginning when his bail was revoked, Appellant asserted this same argument on direct appeal. ***See Lenegan A/K/A James Lee***, No. 222 EDA 2008, unpublished memorandum at 5 ("Appellant insists the parties agreed his sentence would begin to run from the date the court had revoked bail; nevertheless, the court ordered Appellant's sentence to commence from the date of sentencing. … Appellant argues he did not receive the sentence he negotiated, and his guilty plea was involuntary."). As discussed *supra*, after assessing the merits of Appellant's argument, this Court remanded for the trial court to conduct a hearing, which it did. Following that hearing, the court imposed the same sentence and again

directed that Appellant's sentence began on the date he was initially sentenced, *i.e.* March 8, 2007. Because Appellant did not file a second direct appeal challenging the court's decision regarding credit for time served, Appellant has waived this cursory allegation of trial court error for our review.[2] 42 Pa.C.S. § 9543(a)(4); **see also** 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for relief, a PCRA petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (directing that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").

The same is true for Appellant's assertion that *the Commonwealth* breached the plea agreement, thereby permitting Appellant to withdraw his guilty plea. Initially, the two principal cases on which Appellant relies to support this argument are direct appeal cases, not appeals from the denial of PCRA petitions. **See Commonwealth v. Williams**, 481 A.2d 1230 (Pa. Super. 1984); **Commonwealth v. West**, 378 A.2d 1289 (Pa. Super. 1977). Here, however, Appellant did not assert this claim on direct appeal, he also did not raise it in an appeal following his resentencing, and he does not allege that his attorney's failure to do so was unreasonable. Accordingly, we

_____

[2] Appellant also fails to argue, let alone prove, "[t]hat the failure to litigate this issue … on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(4).

conclude that this claim is also waived. *See* 42 Pa.C.S. §§ 9543(a)(3) and (4); 9544(b). Accordingly, none of the arguments presented in Appellant's first issue warrant relief.

In Appellant's second issue, he contends that trial counsel was ineffective for failing to move to withdraw his plea "after the guilty plea court breached the plea agreement [Appellant] made with the prosecution whereby the prosecutor agreed that Appellant's sentence would commence on the date Appellant's bail was revoked." Appellant's Brief at 14. Appellant provides no citation to the record to support his claim that "the prosecutor entered a plea agreement that called for Appellant's sentence to commence on the date bail was revoked." *Id.* at 15. Indeed, the record belies this assertion. At the start of the guilty plea hearing, Appellant's counsel and the prosecutor stated the terms of the negotiated plea agreement. *See* N.T. Plea, 3/8/07, at 2-3. At no point did either party indicate that the plea encompassed an agreement as to the date on which Appellant's sentence would begin. Later, the court reiterated the agreed upon sentence, and asked Appellant if that sentence comported with his understanding of the plea agreement. *Id.* at 7. Appellant replied that it did. *Id.*

We acknowledge that immediately thereafter, Appellant asked "when the time would start[,]" and his defense counsel misinformed him that his sentence would commence "from the time his bail was revoked." N.T. Plea at 7. However, the Commonwealth made no comment during this exchange, and the question and answer between Appellant and his counsel does not

convince us that Appellant *bargained for* his sentence to begin on the date his bail was revoked. Accordingly, the record does not support Appellant's contention that this was a term of his negotiated plea agreement that the Commonwealth and/or the trial court violated. Thus, Appellant's claim that counsel was ineffective for failing to file a motion to withdraw his guilty plea based on this purported violation of his plea agreement lacks arguable merit.

In sum, Appellant's petition in the case docketed at 368 EDA 2015 is untimely and he has not pled or proven the applicability of any timeliness exception. As such, we affirm the PCRA court's order denying the petition in that case. In the case docketed at 183 EDA 2014, we conclude that neither of Appellant's two PCRA issues warrants relief. Accordingly, the court also did not err in denying his petition in that case.[3]

Order affirmed.

---

[3] We note that the PCRA court offered slightly different (and additional) reasons for rejecting Appellant's claims. However, "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2015